**ANDERSON v. ANDERSON et al.**

No. 2982.

Court of Civil Appeals of Texas. Beaumont.

July 9, 1936.

Rehearing Denied Nov. 4, 1936.

David E. O'Fiel, of Beaumont, for appellant.

W. T. McNeill, Paul McNeill, and David L. Broadus, all of Beaumont, for appellees.

WALKER, Chief Justice.

This appeal is by writ of error; the parties will be referred to as appellant and appellee. The action in the lower court was in trespass to try title by appellee Mary Anderson against appellant, Eloise Anderson, and her husband, Percy Anderson; Percy Anderson was the son of appellee. The land in controversy was a certain lot 50x140 feet, with the improvements thereon, at No. 904 Leiper street, Beaumont, Tex. Percy Anderson filed a disclaimer; Eloise Anderson, with permission of the court, defended the suit in her own name, answering that appellee, by a parol gift, gave the lot in issue to her and her husband, and that they, in good faith, entered upon the lot and made valuable improvements thereon, whereby they acquired a fee-simple title to the lot; in the alternative she prayed for the value of her improvements. On the verdict of the jury appellee was given judgment for the lot and appellant was given judgment for her improvements in the sum of $106; the jury found her improvements to be worth $500, and the lower court charged against that sum rent in the amount of $394.

Appellee has moved to strike appellant's assignments of error on the following facts: Judgment was rendered on the 25th of June, 1935; appellant filed her original motion for new trial on the 29th of June, 1935; a first amended motion for new trial on the 29th of July, 1935; and a second amended motion for new trial on the 9th of August, 1935; only the second amended motion for new trial is in the transcript. The motion came on for hearing on the 9th of August, 1935, and was met by appellee's motion to strike, which was overruled; whereupon the court proceeded to overrule the amended motion for new trial filed on the 29th of July, 1935. As above stated, that motion is not in the transcript, nor is anything in the record to show its contents, nor the contents of the original motion. On this statement the motion to strike the assignments of error from the brief must be sustained.

■■ The motion to strike is based upon the special practice act, article 2092, subd. 29, R.S., as amended by Acts 1930, 5th Called Sess., c. 70, § 1, and subdivisions 29, 30 (Vernon's Ann.Civ.St. art. 2092, subds. 28–30). The first amended motion for new trial was filed more than 20 days after the date of the filing of the original motion; construing subdivision 29 of article 2092, in Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.(2d) 1036, 1040, Judge Greenwood, speaking for the Supreme Court, said that its provisions were mandatory and prohibited "the filing of any amended motion after 20 days from the date of filing the original motion." In support of that conclusion Judge Greenwood cited Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.(2d) 1031, 1034, by the Commission of Appeals, where it was said: "No amended motion for new trial may be filed after the expiration of 20 days from the date of the filing of the original motion, and an amended motion filed after the expiration of that period is to be treated as of no effect."

See, also, Millers Mutual Fire Ins. Co. of Texas v. Wilkirson, 124 Tex. 312, 77 S.W.(2d) 1035.

On authority of the cases cited, we conclude that the amended motions were filed too late and must be treated as a nullity. Without support of a motion for new trial, the assignments of error must be stricken from the brief.

■■ For a second reason the assignments of error are without support: The original motion and the first amended motion are not in the transcript, and no presumption arises that the grounds for new trial set up in the second amended motion were made grounds for a new trial in the original and first amended motions; to indulge that presumption would

be against the intent of an amendment, which is to add to or vary the original instruments.

■ Without the support of assignments of error, appellant's propositions must fall. The brief does not disclose fundamental error, and therefore the judgment of the lower court is in all things affirmed.

On Rehearing.

Though not required to do so, we have carefully reviewed all propositions of error advanced on this appeal, and they are all without merit.

The motion for rehearing is overruled.