HOUSTON LIGHTING & POWER COMPANY v. HONORABLE EWING BOYD AND MORRIS TURK.

Motion No. 13445. Decided April 20, 1938.
(115 S. W., 2d Series, 593.)

*Baker, Botts, Andrews & Wharton* and *J. C. Hutcheson III,* all of Houston, for relator.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a motion to file petition for mandamus filed directly in this Court by Houston Lighting & Power Company, a corporation, against Honorable Ewing Boyd, Judge of the 55th District Court of Harris County, Texas. Morris Turk, the only other interested party, is made a party to the proceedings. From the petition which accompanies the motion we gather the following facts:

1. Morris Turk sued Houston Lighting & Power Company, hereinafter designated as Relator, for damages for personal injuries.

2. The case was tried in the 55th District Court of Harris County, Texas, where it was submitted to a jury on special issues.

3. The jury returned its verdict answering the special issues submitted to it in such a way as to call for the entry of a judgment for the Relator. This verdict was returned on October 24, 1937.

4. On October 30, 1937, Relator filed a motion for judgment,

and on the same day Turk filed an instrument which he designated "Plaintiff's Opposition, Objections and Exceptions to Motion of Defendant for Judgment and Motion to Declare a Mistrial." The prayer to this instrument is as follows:

"WHEREFORE, plaintiff respectively prays the Court that the motion of the defendant for judgment be in all things denied, and that the verdict of the Jury be stricken and expunged from the record in this cause, or set aside and held for naught and that the Court declare a mistrial.

"Plaintiff prays for all such other and further relief as may be by the Court deemed mete, just and proper and as in duty bound will ever pray."

We shall not attempt to give the contents of the above-mentioned instrument. It is sufficient to say that it contains no allegations that would, if true, have justified the entry of a judgment of mistrial. It does contain allegations which, if true, would have justified the granting of a new trial, if filed at a time when it could have been considered as a motion for a new trial.

5. On November 8, 1937, after a hearing, the district court rendered judgment for Relator in accordance with its motion therefor, and in accordance with the verdict of the jury. Also, the court overruled the motion of Turk, above described. Turk in open court excepted.

6. On November 16, 1937, Turk filed a motion which he denominated "Original Motion for New Trial," and on November 29, 1937, Turk filed what he denominated as his "Amended Motion for New Trial."

7. On December 20, 1937, the district court heard the amended motion for new trial, and granted the same.

Relator seeks by mandamus to compel the district court to reinstate the original judgment, above described, and to set aside his order granting a new trial. Relator sought the same relief from the Court of Civil Appeals at Galveston, and such relief was by such court refused in a written opinion.*

If we properly interpret its pleadings, Relator contends that the instrument filed by Turk on October 30, 1937, before rendition of judgment, was a motion for a new trial, though not so designated by him. It is then contended that the filing of such motion for new trial on October 30, 1937, was the filing of a motion for new trial as defined by Section 28 of Article 2092, Vernon's Texas Statutes, 1936, so as to fix the time thereafter

*114 S. W. (2d) 934.

in which to end the term of court as to such case, as provided by Section 30 of the same Article. We think such contention cannot be sustained.

The instrument filed on October 30, 1937, cannot be treated or charged to Turk as a motion for new trial, because of the provisions of Section 29 of Article 2092, supra. This section expressly provides "A motion for new trial where required shall be filed within ten days *after* the judgment is rendered, * * * ." (Emphasis ours.) The District Courts of Harris County operate under the provisions of Article 2092, supra. It follows that in such courts all motions for new trial must be filed *after* the judgment is rendered. The statute under consideration does not contemplate that a motion for new trial can be filed in any instance before judgment. It follows that the motion filed by Turk on October 30, 1937, cannot be treated, or charged to him, as a motion for new trial within the meaning of Sections 28, 29, and 30 of Article 2092, supra. The case of Missouri-K.-T. R. Co. v. Brewster, 124 Texas 244, 78 S. W. (2d) 575, is not applicable here because it does not deal with district courts that operate under the provisions of Article 2092, supra. Under the plain provisions of Section 29 of Article 2092, supra, all motions for new trial in courts governed by such article must be filed after judgment, and that regardless of whether or not the case is submitted to the jury on a general charge or on special issues.

The motion to file petition for mandamus is overruled.

Opinion delivered April 20, 1938.