## CITY OF WICHITA FALLS v. BROWN.
### No. 13779.

Court of Civil Appeals of Texas.
Fort Worth.

June 3, 1938.

Rehearing Denied Sept. 9, 1938.

T. A. Hicks and Thelbert Martin, both of Wichita Falls, for appellant.

Smoot & Smoot, of Wichita Falls, for appellee.

BROWN, Justice.

This is a personal injury suit, brought up by way of writ of error, and for convenience we will refer to the parties as appellant and appellee.

Appellee brought suit in the District Court of Wichita County against appellant City for personal injuries, alleged to have been received by him while working for said appellant on a truck that was used at the time for hauling dirt, trash and other substances that had accumulated on the streets of said City. There were two men on the truck at the time, one Browning and appellee. The truck is shown to be one that automatically dumps its contents by and through the motor machinery on the truck. It appears that Browning was driving the truck and was operating such machinery. When the truck reached the place where its contents were to be dumped, Browning set the machinery in motion and elevated the front end of the bed of the truck, and in the same operation the machinery lifted the end gate at the rear end of the truck and the contents were thus allowed to pour out.

Appellee's cause of action is based upon the charge that the end gate was defective and not in repair, and that this fact, in

addition to the further fact that Browning, under whom appellee was working, instructed him to turn over a certain hook on the truck and straighten the hook up, and that in so handling the end gate, same suddenly dropped on appellee's arm, brought about his injuries. Appellee further relies on the fact that Browning did not warn him of the danger of performing the duties thus imposed upon him by Browning.

The cause was tried to a jury, and many special issues were submitted and answered favorably to appellee; whereupon, judgment was rendered for appellee against appellant. The City of Wichita Falls had appealed.

At the outset, we are confronted with a motion on the part of appellee to strike appellant's assignments of error, and in appellee's brief objection is duly made to the consideration of the assignments of error, and we are asked to affirm the judgment of the trial court because there are no assignments of error that may be considered.

In order to get at what we think is a proper picture, we have thoroughly digested the clerk's transcript, and we find the following: The charge of the court bears the file mark May 28th, 1937. We are thoroughly familiar with the fact that many trial courts cause the charge to be filed on the day it is prepared and delivered to the jury. The defendant's objections to the charge bear the file mark May 29th. The first motion that was filed by the defendant bears the file mark May 29th. This is not a motion for a new trial, although the notation made by the clerk of the court so designates it. This is a motion praying that the verdict of the jury be set aside. It is evident that a litigant has a perfect right to file a motion asking that a verdict be set aside prior to the entry by the court of judgment on the verdict. Authorities are abundant to support this conclusion, and need not be, cited. Such a motion is a wholesome one, and, if well taken, would result in the verdict being set aside and in no judgment being entered.

Before we come to the next motion filed by the defendant below, we will discuss the dates found on the judgment. The only date mentioned in the body of the judgment appears in the forepart, wherein it is recited, "On this the 25th day of May, A. D. 1937, coming on regularly to be heard the above numbered and entitled cause," etc. On the margin the clerk has endorsed, "Filed June 4th, 1937." And at the end of the judgment, under endorsements, this is shown, "Received for record June 4th, 1937, R. L. Sanderford, District Clerk, Wichita County, Texas, by Irving Garner, Deputy."

On June 19th, 1937, the defendant filed a motion, which, in its body, is designated as an amended motion for a new trial, filed in lieu of the original motion for a new trial, and this motion prays the court to set aside the verdict of the jury and the judgment of the court entered in the cause, and to grant the defendant a new trial. It thus appears that 21 days elapsed between the filing by the defendant on May 29th of its motion to set aside the verdict of the jury, and the filing by the defendant on June 19th of its motion to set aside the verdict of the jury and the judgment of the court, and praying for a new trial.

The District Courts of Wichita County, Texas, are operating under a Practice Act that is patterned after the Practice Act enacted by the Legislature, Vernon's Ann.Civ.St. art. 2092, for the large counties of Texas. This Act provides for the filing of a motion for a new trial within 10 days after judgment is rendered, and for the filing of an amended motion for a new trial within 20 days after the filing of the original motion, and further provides that judgments rendered in such District Courts are final 30 days after rendition.

Predicated upon the provisions of such Practice Act and the decisions of the appellate courts, plaintiff below, on July 10th, filed a motion to strike from the record and disregard the defendant's so-called amended motion for a new trial, because such was not filed within the 20 day period provided for succeeding the filing of the original motion for a new trial, and on the 12th day of July the trial court made the following order:

"On this the 12th day of July, A. D. 1937, coming on regular to be heard the defendant's amended motion for a new trial and at the same time came on to be heard the plaintiff's motion to strike such amended motion for new trial; and such motions having been duly considered by the court and it being made to appear to the court, and the court so finding, that such amended motion for new trial was filed more than twenty days after the filing of the original motion for new trial, is

without effect and should be stricken. It is therefore ordered and decreed that plaintiff's motion to strike be and is hereby sustained and such amended motion for new trial is stricken from the record. That subject to the foregoing action the court is nevertheless of the opinion that such amended motion for new trial is without merit and should be overruled; and it is therefore ordered and decreed subject to the foregoing order, that both the original motion and the amended motion for new trial be and are hereby overruled and denied, to which defendant excepted."

Several interesting cases touching on the matters here involved were handed down by the Supreme Court on December 31st, 1934. Two of these opinions were written by Mr. Justice Smedley for the Commission of Appeals, expressly adopted by the Supreme Court, and one was written by Mr. Justice Greenwood for the Supreme Court. We refer to the cases of Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, 124 Tex. 315, 77 S.W.2d 1031; Millers Mutual Fire Ins. Co. of Texas v. Wilkirson et al., 124 Tex. 312, 77 S.W.2d 1035; and Independent Life Ins. Co. of America v. Work, District Judge, 124 Tex. 281, 77 S.W.2d 1036.

▇ It appears to us that the Supreme Court has definitely held that a motion for a new trial filed within 30 days after judgment is rendered in a cause, even if not filed within the prescribed first ten days, may be considered by the trial court and if same is entertained and overruled within 30 days after the date of the judgment, that then the judgment becomes final and the term of court is, as to such case, at an end upon the expiration of 30 days from the date on which the motion was overruled.

▇ In the absence of any other date, we are driven to the conclusion that judgment in this cause was actually rendered by the trial court on June 4th. That is the date that the clerk certifies he received the same for record. We know that it was impossible for the trial court to render judgment on May 25th, because the charge of the court was filed May 28th, and the objections to the charge urged by the defendant discloses that they were made on the 28th day of May, after the court had submitted the charge to the respective attorneys for the purpose of having them present such objections thereto as they saw fit, and these objections were filed with the clerk May 29th. Therefore we are going to treat this judgment as having been rendered by the trial court on June 4th, 1937.

▇ We decline to consider the first motion filed by the defendant on May 29th, as a motion for a new trial. It is simply a motion to set aside the verdict. Therefore, we decline to consider the motion filed by the defendant on June 19th as an amended motion for a new trial, but same appears to us from the record to be defendant's first and original motion for a new trial. If we are right in this conclusion, as we believe we are, then under the authorities cited, as shown by the order of the court, dated July 12th, such motion was not presented to the trial court within 30 days after judgment was rendered and the trial court was without authority to take any action whatever upon such motion. The Supreme Court said (77 S.W.2d 1040): "An original motion filed after the 10 days is of no effect whatever, unless entertained and determined within 30 days from the date of the judgment."

On the other hand, if we are compelled to consider the original motion filed by the defendant on May 29th, as its original motion for a new trial, simply because it prays the court to set aside the verdict of the jury, and perforce because the setting aside of the verdict would of necessity bring about a new trial, then we are confronted with the following situation: That this motion being filed on May 29th, could not be amended by an amended motion filed on June 19th. In this connection the Supreme Court said: "But, in order not to defeat the evident purpose of the act as amended, we construe the latter portion of subdivision 29 as forbidding more than one amendment and as mandatorily forbidding the filing of any amended motion after 20 days from the date of filing the original motion. If the amended motion is filed beyond the allowed time, it has no effect."

▇ We therefore conclude that if the second motion filed by the defendant, on June 19th, is an amended motion for a new trial, then same not having been filed within 20 days from the filing of the original motion, it is a nullity and the trial court had no right to consider it. Therefore, the order of the trial court made on July 12th, insofar as it deals with the so-called amended motion for a

new trial, is a nullity, and said order is a nullity, so far as it attempts to pass upon and overrule the original motion filed on May 29th, because such original motion is shown not to have been presented to the trial court within 30 days after it was filed. This original motion was overruled, by operation of law, at the expiration of 30 days from May 29th.

The cause having been brought up by writ of error within six months after the original motion filed by the defendant below was overruled by operation of law, then if we are to consider this motion as the basis of appellant's assignments of error, we find two paragraphs therein as follows: (1) For the reason that said verdict is contrary to the undisputed evidence; (2) for the reason that said verdict is not supported by the evidence, and is contrary to law.

We cannot consider these assignments of error. for obvious reasons, and we are compelled to strike the assignments of error found in appellant's brief, which are bottomed upon the provisions found in the so-called amended motion for a new trial. It therefore becomes our duty to inspect the record for fundamental error, and, finding none, the judgment of the trial court is affirmed.