NATIONAL CONSOLIDATED BOND CORPORATION V.
R. H. BURKS ET UX.

No. 7405. Decided November 15, 1939.
Rehearing overruled January 10, 1940.
(132 S. W., 2d Series, 851.)

*Raymond E. Buck* and *Victor C. McCrea,* both of Fort Worth, for plaintiff in error.

Where the statutes have been strictly complied with regarding the time in which motions for new trial and appeal bonds must be filed, it was error for the Court of Civil Appeals to dismiss the appeal. Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031; Independent Life Ins. Co. v. Work, 124 Texas 281, 77 S. W. (2d) 1036.

*Dawson Davis, Reuben Williams* and *Nelson Scurlock,* all of Fort Worth, for defendants in error.

A motion for new trial not having been filed in the time prescribed by statutes is of no effect, and an appeal bond not filed until long after the expiration of the time allowed by statute does not give the Court of Civil Appeals jurisdiction. Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040; 25 Tex. Jur. 424.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

On October 14, 1936, the District Court for the 67th district, in Tarrant County, rendered judgment, for the defendants in error, Burks and wife, who were the plaintiffs in the trial court. Among the defendants against whom the judgment was rendered was the plaintiff in error, the National Consolidated Bond Corporation, who will be called the "Bond Corporation" in this opinion. The Bond Corporation, alone, undertook to appeal from said judgment to the Court of Civil Appeals at Fort Worth. The appeal bond in the case was filed on December 22, 1936, and, in due time thereafter, the transcript was filed in the Court of Civil Appeals. On January 4, 1938, about a year after the transcript was filed, Burks and wife filed a motion in the last mentioned court to dismiss the appeal. The ground alleged for such dismissal was, in substance, that the said appeal bond was filed too late. The said District Court for the 67th district is one to which the provisions of subdivisions 28 (as amended in the year 1930), 29 and 30 of Article 2092 of the statutes relate. It was pointed out in said motion to dismiss that the transcript on file in the Court of Civil Appeals showed that two motions for new trial had been filed by the Bond Corporation in the trial court: one on October 8, 1936, and another (styled an "amended" motion for new trial) on October 29, 1936; and that neither of said motions had ever been determined by the trial court. It appears from the judgment of the Court of Civil Appeals dismissing the appeal that the said motion to dismiss the appeal was heard on January 28, 1938, and was sustained and the appeal dismissed on that day. The opinion of said court is reported in 114 S. W. (2d) 280. In due time, the Bond Corporation filed a motion for rehearing, which was overruled, and in due time the Bond Corporation applied to the Supreme Court for the writ of error. The application was granted and same is now before us for determination.

The main questions presented in the application go to the judgment of dismissal which was rendered on January 28, 1938, by said Court of Civil Appeals. The first question arising in this respect is whether or not, according to said transcript, the appeal bond which was filed December 22, 1936, was filed too late. In order to reach a conclusion in respect to this, it becomes necessary to consider the above-mentioned subdivisions of Article 2092. Subdivision 28 provides, in substance, among other things, that a motion for new trial or an amended motion for new trial must be determined by the trial court within not exceeding 45 days after same is filed. Subdivision 29 provides: "A motion for new trial, where required, shall be filed within ten days after the judgment is rendered, or other order

complained of is entered, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed." Subdivision 30 provides: "Judgments of such civil district courts shall become as final after the expiration of thirty (30) days from the date the judgment is rendered, or motion for a new trial is overruled, as if the term of court had expired. * * *"

█ The motion for new trial which was filed by the Bond Corporation on October 8, 1936, has no effect whatever as a motion for new trial, for the reason that same was filed before the judgment of the trial court was rendered. Houston Lighting & Power Co. v. Boyd, 131 Texas 323, 115 S. W. (2d) 593. The only motion for new trial contained in the transcript which can be properly regarded as such, is the so called "amended" motion for new trial which was filed October 29, 1936. This motion was not filed within ten days after the judgment was rendered, nor is it an amendment of any motion for new trial filed during said ten-day period. For these reasons, it is not such a motion for new trial as is contemplated by the provisions of subdivisions 28 and 29. Nevertheless, by virtue of the provisions of subdivision 30, the term of court, as to the particular case, did not come to an end until 30 days had elapsed after the judgment in the case was rendered. Until the term of the court thus came to an end, the trial court had inherent power, regardless of the provisions of subdivisions 28 and 29, to hear and determine said "amended" motion for new trial. It appears from the transcript that on October 31, 1936, the trial court heard said "amended" motion for new trial and took same under consideration for the purpose of determining it. However, the said motion was not overruled or otherwise determined by the trial court before 30 days had elapsed after the judgment was rendered, or at any other time. Consequently the term of court, as to the particular case, ended November 13, 1936, by virtue of the provisions of subdivision 30. Life Ins. Co. v. Work, 124 Texas 281, 77 S. W. (2d) 1036; Dallas Storage etc. Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031. The filing of said appeal bond on December 22, 1936, therefore, was too late to give the Court of Civil Appeals jurisdiction to review the judgment of the trial court.

█ It is insisted that the appellees in the case, Burks and wife, had no right to file a motion to dismiss the appeal for want of jurisdiction as late as they did. Be this as it may, the Court of Civil Appeals certainly had power to hear said motion and to

dismiss the appeal for want of jurisdiction. The said court heard said motion and dismissed the appeal on January 28, 1938, and, since it is not shown that timely notice of said motion and of said hearing was not previously given the Bond Corporation, the presumption obtains that the said court regularly exercised its power to dismiss the appeal.

■ This brings us to consider another complaint made by the Bond Corporation. As said, the Bond Corporation filed a motion for rehearing in the Court of Civil Appeals, which was overruled. In connection with said motion, the Bond Corporation sought leave to amend the transcript in the case by filing a supplemental transcript, and to have the case reinstated. Said supplemental transcript disclosed the fact that the motion for new trial, which the Bond Corporation had filed in the trial court on October 8, 1936, bears two file marks made thereon by the district clerk; one of date October 8, 1936, and the other of date October 14, 1936. Permission to amend the transcript, and for reinstatement of the case, as requested by the Bond Corporation, was refused. It is not shown that the Bond Corporation, before the appeal was dismissed, did not have timely notice of the fact that the file mark of October 14, 1936, on the Bond Corporation's first motion for new trial, was omitted from the transcript. Nor is any showing made that the Bond Corporation, prior to the time the appeal was dismissed, made any effort at all to have the transcript amended in this respect. So far as appears from the record before us, the Bond Corporation had timely notice of said omission and had reasonable opportunity to have the defect remedied before the appeal was dismissed. Granting that in these circumstances, the Court of Civil Appeals had discretion to allow said supplemental transcript to be filed, and to reinstate the case, nevertheless we would not be justified, by the record before us, in saying that such discretion was abused by the refusal of the Bond Corporation's request in this regard. The situation disclosed by this record is materially different from that in Blalock v. Slocomb, 245 S. W. 648. The difference lies in the fact that in said case it was affirmatively shown, under oath, that the complaining party was not afforded a reasonable opportunity to have the defect in the transcript remedied before the appeal was dismissed.

The judgment of the Court of Civil Appeals, dismissing the appeal, is affirmed.

Opinion adopted by the Supreme Court November 15, 1939.

Rehearing overruled January 10, 1940.