SIMPSON et al. v. CHARITY BENEV. ASS'N, Inc.

No. 14184.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 28, 1941.

Rehearing Denied March 28, 1941.

W. J. Durham, of Sherman, for appellants.

Clark, Craik, Burns & Weddell and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

This suit was brought by G. A. Simpson and H. E. Hall against the Charity Benevolent Association, a corporation, in trespass to try title.

A jury being demanded, the trial court instructed the jury to return a verdict for the defendant, and this verdict is dated March 14th, 1940.

On March 28th, 1940, the trial court rendered judgment for the defendant; which judgment recites that the plaintiffs excepted in open court and gave notice of appeal to this Honorable Court of Civil Appeals.

The plaintiffs prepared and filed a motion "to set aside the judgment of the court and to grant a new trial" on March 22nd, 1940, six days before judgment was rendered by the trial court.

These plaintiffs filed no other motion for a new trial, and the trial court overruled the said motion on April 10th, 1940, at which time the plaintiffs excepted and gave notice of appeal.

The cost bond for the appeal was executed and filed May 1st, 1940.

At the outset we are confronted with a request to dismiss the appeal because the Court of Civil Appeals has no jurisdiction of the cause.

Appellants have made no reply to such proposition, and we are of opinion that a reply would be useless.

This cause was tried in the 17th District Court of Tarrant County, and said court is governed by Article 2092 (Vernon's Texas Civil Statutes). This Special Practice Act provides that all motions for a new trial must be filed within ten (10) days after judgment is rendered. A litigant who desires to rely upon his motion for a new trial as the basis of his appeal must comply with this prerequisite. He cannot file any such motion before judgment is rendered and rely upon such prematurely filed motion. Not being able to rely upon the motion for a new trial, appellants were relegated to the provisions of said Practice Act which require that an appeal bond shall be filed within thirty (30) days after judgment is rendered. The appeal bond was filed thirty-four (34) days after rendition of judgment.

We refer to our opinion in National Consolidated Bond Corporation v. Burks et ux., Tex.Civ.App., 114 S.W.2d 280, which was affirmed by the Supreme Court in 134 Tex. 236, 132 S.W.2d 851. In the opinion, the Supreme Court cites its prior opinion in Houston Lighting & Power Co. v. Boyd, Judge, et al., 131 Tex. 323, 115 S.W.2d 593.

See, also, City of Wichita Falls v. Brown, 119 S.W.2d 407, writ dismissed, a prior decision made by us.

We have acquired no jurisdiction because the appeal was not perfected within the statutory period.

The appeal is dismissed.

### On Motion for Rehearing.

There is nothing in the record even tending to show that the trial court rendered judgment in this cause prior to the date the judgment was reduced to writing and when the trial court incorporated in such judgment, above his signature, the words: "Entered this 28th day of March, 1940." These are the words of the judge and not those of the clerk.

We hold that judgment was rendered on the date above shown.

We are not concerned, here, with the difference between the rendition, or pronouncement, of a judgment and its filing with the clerk, or its actual entry in the minutes of the court by the clerk. That question is not presented by the record.

The motion for rehearing is overruled.