G. A. SIMPSON ET AL V. THE CHARITY BENEVOLENT ASSOCIATION.

Application No. 25632. Decided May 28, 1941.
Rehearing overruled July 9, 1941.)
(152 S. W., 2d Series, 1093.)

*W. D. Durham,* of Sherman, for plaintiff in error.

Where a statute requires an appeal to be taken in a certain time after the rendition of the judgment, the time is computed from the date when the judgment is pronounced by the court, and not from the subsequent date of its enter. Kittrell v. Fuller, 281 S. W. 575; Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040; 3 Tex. Jur. 277.

*Clark, Craik, Burns & Weddell,* and *J. Harold Craik,* all of Fort Worth, for defendant in error.

The action of the court in granting the defendant's motion for an instructed verdict and receiving the same as the verdict of the jury was not the "rendition of a final judgment" in the case, within the meaning of section 29, Article 2092, R. S. 1925, fixing the time within which appeal bonds must be filed, but such action was merely a withdrawal of the case from the jury, thereby leaving to the further determination of the court the kind of judgment to be rendered in the case. National Consolidated Bond Corporation v. Burks, 134 Texas 236, 132 S. W. (2d) 851; Wichita Falls v. Brown, 119 S. W. (2d) 407.

PER CURIAM: This cause is before this Court on application for writ of error. Simpson and Hall filed this suit, which was an action in trespass to try title, in the district court of Tarrant County against the Charity Benevolent Association, Inc. A jury trial resulted in a directed verdict against Simpson and Hall.

The judgment contains the following:

"On the 11th day of March, 1940, at a regular term of this court, came the parties by and through their attorneys, and thereupon came a jury of good and lawful men, towit, Don C. Lyon and eleven others, and who being duly empaneled and sworn, after hearing the pleadings, the evidence, argument of counsel and under instructions of the court, on the 14th day of March, 1940, returned into open court the following verdict, towit, which instruction and verdict of the jury is as follows:

"'Gentlemen of the Jury: You are instructed to find for the defendants for the title and possession of the real estate described in plaintiff's petition, and that the plaintiffs take nothing by their suit, and the form of your verdict will be:

" '''We, the jury, find for the defendants for the title and possession of the real estate described in plaintiff's petition, and that the plaintiffs take nothing by their suit."

(Signed) Frank P. Culver,

Presiding Judge.

" 'We, the jury, find for the defendants for the title and possession of the real estate described in plaintiff's petition, and that the plaintiffs take nothing by their suit.'

(Signer) Don C. Lyon,

Foreman.' "

The judgment further provides giving effect to the directed verdict, describing the real estate, adjuding costs and providing for execution. Above the signature of Frank P. Culver, Jr., judge, appears the following: "Entered this 28th day of March, 1940."

Simpson and Hall filed a motion for a new trial on the 22nd day of March, 1940. The motion for new trial was overruled on the 10th day of April, 1940. An appeal bond was filed on the first day of May, 1940. The 17th Judicial District Court of Tarrant County is governed by Article 2092, Vernon's Texas Civil Statutes of 1925.

The Honorable Court of Civil Appeals at Fort Worth dismissed the appeal of Simpson and Hall, (149 S. W. (2d) 227) on the authority of National Consolidated Bond Corporation v. Burks et ux, 114 S. W. (2d) 280, 134 Texas 236, 132 S. W. (2d) 851. In the Burks case there was a jury trial which, according to the judgment, began on September 14, 1936. Special issues were submitted to a jury for their determination. In such a case the trial court must thereafter decide the proper judgment to be rendered thereon. The dates of the progress of the trial were not shown in the judgment. In fact, the only date mentioned other than the date of the beginning of the trial is the date which the trial judge indicated the judgment was entered, that is, on the 14th day of October, 1936. In that state of the record, this Court assumed the judgment to have been rendered on the same date that it was entered.

In the present case the trial began on the 11th day of March, 1940, and after a jury was empaneled and sworn and after hearing the pleadings, the evidence, argument of counsel and under instruction of the court, on the 14th day of March, 1940, the verdict above quoted was returned into open court. The trial court directed the jury to render the verdict on the 14th day of March, 1940. Such a judgment, therefore, shows affirmatively to have been rendered on the 14th day of March, 1940.

In the case of Kittrell v. Fuller, 281 S. W. 575, judgment was rendered on the instructed verdict of the jury on December 21, 1923, and the judgment was entered on the minutes by the clerk on the 27th day of February, 1924. The rendition of the judgment by the court and its entry by the clerk were at the same term of the district court. At the same term of the court, towit, on the first day of March, 1924, plaintiffs in error's motion for a new trial was overruled. Petition for writ of error was filed on August 19, 1924. The Dallas Court of Civil Appeals, in sustaining the defendant in error's motion to dismiss, said:

"The judgment is that which the court pronounces, and its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. The entry of the judgment is the ministerial act performed by the clerk of the court, and by means of which permanent evidence of the judicial act in rendering the judgment is made a record of the court," citing Coleman v. Zapp et al, 105 Texas 491, 151 S. W. 1040.

In the Coleman case, supra, Mr. Justice Phillips, speaking for this court, said:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which enduring evidence of the judicial act is afforded."

1 When the trial court directed the jury to render a verdict in the present case, it was an effectual "decision of the law upon the matters at issue." After the directed verdict was received by the court, the time had passed in which the plaintiff below could take a nonsuit. Article 2182, Vernon's Annotated Civil Statutes, 1925. Whether the verdict be general or special, if it is valid and responsive to the issues submitted, entry of judgment involves no judicial or discretionary power. It is simply a ministerial act and mandamus will lie to enforce a performance of this duty. 25 Tex. Jur., pp. 426-427, Sec. 59; Carwile v. Wm. Cameron & Co., 102 Texas 171, 114 S. W. 100; Gulf C. & S. F. Ry. Co. v. Canty, 115 Texas 537, 285 S. W. 296. The judgment which was pronounced on the 14th day of March, 1940, was, according to the record, entered on the 28th day of March, 1940. This is shown by the statement in

the judgment above the signature of the judge and on the marginal space of the transcript, which is certified by the clerk.

**2** We have seen that Hall and Simpson filed their motion for a new trial on the 22nd day of March, 1940, which was within the ten days as required by the Special Practice Act *after the judgment was rendered* on the 14th day of March, 1940. The motion was overruled by the court on the 10th day of April, 1940, which, under the act, was timely and the appeal bond was seasonably filed on the first day of May, 1940. It is therefore obvious that to uphold the decision of the Fort Worth Court of Civil Appeals in the dismissal of the present case would have the effect of overruling a prior decision of this Court in the case of Coleman v. Zapp, supra, and the Kittrell case, in which this Court refused application for writ of error. Such a decision is contrary in principle to the decision of this Court in the case of Richards v. United States Cold Storage Co. et al, 131 Texas 148, 112 S. W. (2d) 445. The Honorable Court of Civil Appeals, having dismissed the appeal for want of jurisdiction, did not pass upon any questions which were presented by the appeal except the one of jurisdiction and, as we have stated, in our opinion that decision is contrary to the decision of the Supreme Court. Under these circumstances, this Court deems it to be expedient and proper to exercise the discretion granted to the Court by Article 1728 of Vernon's Annotated Civil Statutes of 1925, "which authorizes the Supreme Court to reverse and remand a case on the application for writ of error if the decision of the Court of Civil Appeals is in conflict with a previous opinion of the Supreme Court." Casstevens v. Texas & Pacific Ry. Co., 119 Texas 456, 32 S. W. (2d) 637, 73 A. L. R. 89. This authority has been exercised by this Court in reversing a judgment and remanding a cause to the Court of Civil Appeals. Adams et al v. Bida, 125 Texas 458, 84 S. W. (2d) 693. The decision of the Court of Civil Appeals being in conflict with previous opinions of this Court in the cases cited, the judgment of the Court of Civil Appeals is therefore reversed and the cause is remanded to that court for further proceedings on the merits of the appeal.

Opinion delivered May 28, 1941.

Rehearing overruled July 9, 1941.