RAILROAD COMMISSION OF TEXAS ET AL V. H. L. ROBERDEAU ET AL.

No. A-3265. Decided October 17, 1951.
(242 S. W., 2d Series, 881.)

*Price Daniel,* Attorney General, *Everett Hutchinson,* Assistant Attorney General, for petitioner, Railroad Commission; H. S. Beard, of Waco, and A. M. Felts, of Austin, for other petitioners.

*Smith, Rotsch & Steakley* and *Zollie C. Steakley,* of Austin, for respondent, Roberdeau.

PER CURIAM:

In these consolidated cases, the Austin Court of Civil Appeals reversing and rendering the judgment of the trial court, has held invalid several orders of the Railroad Commission of Texas relating to transfers and other proceedings concerning certain specialized motor carrier certificates. 239 S.W. 2d 889, 895. The Attorney General of Texas and private parties adversely affected seek writ of error.

The original certificates, out of which the present proceedings arose, were issued without protest on the part of any party to the present proceedings some six or seven years before the latter were begun. Each original certificate authorized transportation of the types of freight specified in sec. 5a of Art. 911b, Vernon's Tex. Civ. Stats. Ann., naming among others "household goods, used office furniture and equipment." During the above-mentioned years, but prior to 1950, all or some of these certificates were the subject matter of certain transfer orders of the Commission which we need not now consider. In or about the year 1950, the present proceedings were brought, being applications to the Commission to approve transfer of one or more of the certificates either as to the full privileges therein granted or as to the right to haul merely "household goods, used office furniture and equipment" or to approve a "split" and transfer of one or more, so as to vest in the tranferee the privilege of hauling the particular articles named. The exact character of order respectively sought in each of the 1950 applications to the Commission is not an essential consideration, since the question at issue relates to the original certificates, upon which the validity of the 1950 proceedings necessarily depends. The 1950 applications were evidently made for the purpose of enabling the transferees or other beneficiaries of the requested orders to operate a substantial furniture moving business with Austin and Waco as bases in competition with the protestant-respondents, Roberdeau et al., who operate "out of" those cities, respectively. The wording of the original certificates was such as to give the impression that other cities—Marble Falls and Groesbeck—were the respectively contemplated bases of operation thereunder, and such was, no doubt, the reason why respondents did not oppose them at the time. However, while these certificates thus defined the area, between which and the rest of Texas hauling was permitted, in terms of a radius of miles from Marble Falls and Groesbeck, respectively, they did not otherwise suggest that the holders or their assignees might not use Austin or Waco as bases of operation, should the latter be, as they were and are, within the prescribed radius of the other two cities, respectively.

A principal attack below on the orders in the 1950 proceedings was that the original certificates themselves were "void" and subject to collateral attack, however late, for failure of the corresponding orders to include fact findings required by sec. 5a (d) of Art. 911b, supra. This and all other contentions of respondents, being overruled by the trial court, the Court of Civil Appeals, in its original opinion, affirmed that judgment.

239 S.W. 2d 889. On rehearing, however, attention was called to our decision in Thompson v. Hovey Petroleum Company, 149 Texas 554, 236 S.W. 2d 491, which had meanwhile been rendered, and on the strength of that decision, the court proceeded to reverse itself and the trial court, concluding that the original certificates, and accordingly also the dependent orders in the 1950 proceedings, were subject to collateral attack as "void" for absence of the required fact findings. 239 S.W. 2d 895.

■ The latter holding and our decision in Thompson v. Hovey Petroleum Company, supra, were shortly followed by Thompson v. Railroad Commission, 150 Texas 307, 240 S. W. 2d 759, including the opinion on motion for rehearing of the latter, which expressly states that absence of the required fact findings in the order there involved did not render the order subject to collateral attack, and that, while as a matter of procedure the mere order itself is sufficient proof of its own defectiveness, it may yet be set aside only through the direct proceeding provided by sec. 20 of Art. 911b, supra, 240 S. W. 2d 763. Our earlier decision, upon which the court below based its ultimate holding, must, of course, be interpreted in the light of our express holding in the latter case.

■ It is thus clear that the judgment of the Court of Civil Appeals is in conflict with our own decisions above mentioned. Accordingly, the applications for writ of error present a proper situation for the exercise of our prerogative under Rule 483 of our Rules of Civil Procedure to reverse and remand upon the bare applications. Thompson v. Gibbs, 150 Texas 315, 240 S.W. 2d 287; Godwin v. Texas Employers Ins. Assn., 145 Texas 100, 195 S.W. 2d 347; Grogan Mfg. Co. v. Lane, 140 Texas 507, 169 S.W. 2d 141; Simpson v. Charity Benevolent Assn., 137 Texas 215, 152 S.W. 2d 1093; Adams v. Bida, 125 Texas 458, 84 S.W. 2d 693; Casstevens v. Texas & P. Ry. Co., 119 Texas 456, 32 S.W. 2d 637.

The judgment of the Court of Civil Appeals is accordingly reversed and the cause remanded to that court for such further proceedings as may be proper in the light of this opinion.

Opinion delivered October 17, 1951.