**W. J. JENNINGS, d/b/a Red's Drive Inn,**
Appellant,

v.

**TEXAS LIQUOR CONTROL BOARD,**
Appellee.

No. 6666.

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1957.

W. S. Shaller, Amarillo, for appellant.

Robert L. Templeton, Asst. County Atty., Amarillo, for appellee.

CHAPMAN, Justice.

W. J. Jennings, appellant herein, filed an application with the County Judge of Potter County, Texas, for a retail beer permit to sell beer in a legal area in Potter County, Texas. The applicant had previously held a beer license permit in 1951 and 1952 and had never had any violations against same. In 1955 a beer license had been issued without protest for the same location applied for in this case. The County Judge denied the license to Jennings and he appealed to the District Court, where the case was tried on an agreed statement of facts. The District Judge upheld the action of the County Judge in denying the application. From such judgment appellant, Jennings, brings this appeal.

The Liquor Control Board, appellee herein, was represented by the County Attorney's Office of Potter County through its able young assistant, the honorable Robert L. Templeton, who argued strenuously in his brief, and orally to this court that the District Court was correct in upholding the action of the County Judge in denying the application.

By brief, appellee states that the County Judge decided the granting of the license in question would be against the peace, morals, and safety of the public, and the public sense of decency, as set out in Article 667–6(d), Vernon's Ann.Penal Code. Said article provides:

"If upon hearing upon the petition of any applicant for a license the county judge finds any facts stated therein to be untrue, the application shall be denied; and it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public. There shall be sufficient legal reason to deny a license if it is found that the place, building, or premises for which the license is sought has theretofore been used for selling alcoholic beverages in violation of law at any time during the six (6) months immediately preceding the date of application, or has during that time been a place operated, used, or frequented in any manner or for any purpose contrary to the provisions of this Act, or, so operated, used or frequented for any purpose or in any manner that is lewd, immoral or offensive to public decency. In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board."

Section 19B of Article 667, Vernon's Ann. Penal Code, sets out specific acts of conduct contemplated by the Texas Liquor Control

Act that are lewd, immoral or offensive to public decency but provides conduct that is lewd, immoral or offensive to public decency is not limited by the specific acts named.

■ Appellee correctly states that the burden was on appellant to show that the denial of license was not reasonably supported by substantial evidence. We will now review the record in light of the sections of the act having to do with hearing upon application for beer license and the evidence in the case at bar applicable thereto.

An examination of the testimony the District Court had before it reveals the fact that James Dale, District Supervisor for the Texas Liquor Control Board; C. E. Travis, night captain in charge of the criminal division of the sheriff's office, a deputy sheriff; Dick Bufkin, another deputy sheriff; and Frank Probst, a Texas Ranger, were the witnesses who testified in protest of the application. All their protests were based on the location of the contemplated permit. They testified the closest place that sold beer from the premises was approximately three miles, that there were not sufficient officers to properly patrol the county and that since the place applied for was three miles from any other licensed premises it would not be patrolled as often and therefore violations would occur.

Mr. Dale testified he found no record of any violations against Jennings while he held a beer license in Potter County in 1951, and 1952 and that no protest had been made against a beer license issued to the same location in 1955.

Dick Bufkin testified that in his opinion whether violations would occur would depend on the type of help employed and that with the right kind of help it could be operated without violations.

Jennings testified he investigated the location before making application for the permit and learned that a beer license had been issued the year before at the same place, there had been no protests to the issuance thereof, and no violations had been filed against the place. In further support of his application he testified that he had operated a reputable place and that if the permit should be granted he could operate the place without selling to minors or drunks, or without letting drunks stay on the premises.

Jim Berry, Jimmy Johnson and Leo James, all employees of the Buick Agency in Amarillo located on the same lot where Jennings had been operating a drive-in, testified they had been in his place of business four or five times a day for the past seven months and that he operated it better than anyone who had operated the place during the five year period the drive-in had been there.

From the above testimony it becomes necessary for this court to determine if the District Court was justified from such evidence in holding the County Court correctly denied the permit.

■ The County Judge, in passing upon an application to sell beer, acts in an administrative rather than a judicial capacity. The correctness of his order, and consequently the correctness of the judgment of the District Court should be tested by the application of the substantial evidence rule. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202.

In the case just cited the Supreme Court of Texas, speaking through the late Judge Smedley, stated:

"Stating again the substantial evidence rule, it is that the finding of the administrative body or agency will be sustained by the court if it is reasonably supported by substantial evidence, the meaning evidence introduced in court. It is for the court, whether trial or appellate, to determine as a matter of law the reasonableness of the

support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence."

As in the case of Jones v. Marsh, supra, this contest is based on the location, no attack being directed against the applicant as a licensee. Those protesting simply say the place applied for is inconvenient for the officers to patrol, that because of such inconvenience it will not be patrolled as well as it otherwise would be, therefore violations will occur.

The location applied for in the Jones v. Marsh case, supra, furnished a very important and material situation to be taken into consideration in granting or denying a license. The location contemplated in that case was 705 East Main Street in Uvalde, Texas. In the same block and across the street seven families with ten children resided. Twenty-five or thirty children lived in the immediate vicinity and within three blocks of petitioner's proposed location. Testimony showed that the usual way for children in that part of town to reach any school was to pass the location designated by petitioner. A church was about to be built a little more than 200 yards from the location contemplated. East Main Street leads to a site of a new hospital then under construction and about three or four blocks east from the location described in petitioner's application. A witness testified that he made a religious survey for the purpose of determining what the attitude of residents would be toward establishing a church in that vicinity and found that ninety per cent of those residing there were home owners, and that many of them stated that they had established their homes there because beer was not sold in that part of the city.

In the case at bar the administrative body or the District Court had no such circumstances before them. The protest made was for the sole and only reason that it would be inconvenient for the officers to patrol the location.

The testimony showed that the distance from the sheriff's office to the proposed location is six miles northwest; that from the sheriff's office to the Green Top, northeast is 8.1 miles; that from the sheriff's office to the Cottonwood, east of Amarillo, was approximately 9.5 miles. Both the Green Top and Cottonwood had beer licenses.

When all the evidence is taken into consideration and tested by the substantial evidence rule; that is, was the finding of the administrative body *reasonably supported by substantial evidence*, we can but conclude it was not and that the District Court as a matter of law was in error in so holding.

It is not reasonable to say that the legislature in passing the Liquor Control Act contemplated that an administrative body could deny application for a beer license on the sole ground that it would be inconvenient for officers to patrol one area of the county that is less distance from the sheriff's office than two or three other areas in a different direction from the sheriff's office.

Under such reasoning one or more parts of the county could be discriminated against in the granting of licenses and the places granted licenses could be pin pointed to a certain area. Such a situation would be an improper administration of the act, Carson v. State, Tex.Civ.App., 216 S.W.2d 836.

Also under such reasoning it would be possible for a county of small population to legalize the sale of beer and the administrative officer and sheriff completely thwart the will of the people simply by the sheriff testifying he was the only officer and would not have time to

patrol places selling beer. The courts should never permit administrative officers to exercise such powers to deny the will of the people. When the people of a county, by majority vote, legally approve the sale of beer, the administration of the act should be such as not to discriminate against individuals in or areas of a county.

We hold from the evidence produced in the District Court, the County Judge's order denying the application was as a matter of law without reasonable foundation of fact.

The judgment of the District Court is reversed and rendered and it is directed that the permit to Jennings be issued.