INDEPENDENT LIFE INSURANCE COMPANY OF AMERICA V. HONORABLE T. A. WORK, DISTRICT JUDGE, ET AL.

No. 6334. Decided December 31, 1934.

(77 S. W., 2d Series, 1036.)

282

*Burgess, Burgess, Chrestman & Brundidge, H. A. Bateman,* and *L. E. Elliott,* all of Dallas, for relator.

The time allowed under the statute for the trial court to grant a new trial having expired, the motion for same was overruled as a matter of law and its former judgment became final and it was without power or authority to set the same aside and grant a new trial. Gulf, C. & S. F. Ry. Co. v. Muse, 207 S. W., 897; Pierce v. Watkins, 114 Texas, 153, 263 S. W., 905; Federal Surety Co., 119 Texas, 89, 24 S. W. (2d) 394.

*H. C. Ford* and *W. M. Pierson*, both of Dallas, for respondents.

By motion filed in the trial court, signed and agreed to by all the parties, it was their intention that the motion for new trial might be presented to the trial court and acted upon at any time, the parties thereto specially waiving any objection to the time of presenting and determining the same. Jones v. Bass, 33 S. W. (2d) 199; Marquis v. Reed, 46 S. W. (2d) 711; Smith v. Ferrell, 44 S. W. (2d) 962.

*Fulbright, Crooker & Freeman* and *Cole, Cole, Patterson & Kemper,* all of Houston, filed briefs as amicus curiae.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Relator has filed an original petition for the issuance of a writ of mandamus to compel the respondent T. A. Work, Judge of the 68th Judicial District Court of Dallas County, to give force and effect to a judgment rendered in said court in favor of relator against respondent Mrs. Sadie Moody. Relator's right to the writ depends upon the application of Article 2092, Revised Civil Statutes of 1925, as amended by Chapter 70, Acts of the Fifth Called Session of the Forty-first Legislature, page 227, which contains the rules of practice and procedure for the civil district courts of Dallas County.

On March 18, 1932, a judgment was rendered in said court that the respondent Mrs. Moody take nothing by her suit as plaintiff against relator as defendant. Mrs. Moody filed her motion for a new trial on March 26, 1932, and filed her amended motion for a new trial on April 14, 1932.

The parties on May 7, 1932, filed in the case their written agreement in the following language:

"Now come the parties plaintiff and defendant, through their respective attorneys of record, and agree that the presentation of, and hearing on, the Plaintiff's First Amended Original Motion for New Trial may be presented on May 14th, 1932, or at any date before said time that the court may take same up. It is further agreed, that if said Motion for New Trial is not taken up at the time above stated, that it may then be taken up on or before May 21st, 1932, and all parties hereto waive any objection as to the time of presenting said motion."

The amended motion for new trial was presented to the court on May 7, 1932. Without having previously determined the motion, the trial court, on June 30, 1932, entered an order sustaining it and granting a new trial. The case was then set

for trial upon October 17, 1932. Whereupon, relator filed a motion to strike from the record the order granting a new trial and to remove the cause from the list of cases assigned for trial, on the ground that the amended motion was overruled by operation of law at the expiration of forty-five days from the date of its filing, or on May 29, 1932, and that the court was without power thereafter to grant the motion. This motion to strike was overruled.

Relator prays for the issuance of a writ of mandamus compelling the respondent, the district judge, to give force and effect to the judgment of March 18, 1932, and to proceed no further in said cause so long as said judgment remains unreserved.

The above statement shows that the order granting the new trial was not made until June 30, 1932, fifty-four days after the motion was presented to the Court "by written agreement of the parties," which agreement fixed no date for its decision.

Section 28, Article 2092, R. S., 1925, originally provided in its closing sentences:

"All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion is filed and shall be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date."

Original Sections 28 and 29 have been applied as directory, until Section 28 was amended in 1930. Section 30 has always been held to mean exactly what it says, viz., that the judgment is as final *after* thirty days from the date of judgment or date of the order overruling the motion for new trial 'as if the term of court had expired," and further that *then* the judgment could not be set aside "except by bill of review for sufficient cause filed within the time allowed by law for filing of bills of review in other district courts."

This Court declared nothing new in upholding the power of the Court to control its judgments, during the term, with or without motion.

In Cohen v. Moore, 101 Texas, 47, in an opinion by Mr. Justice Williams, it is said:

"The power to set aside at the same term at which they are rendered its judgments and orders is one inherent in every court of general jurisdiction, and it is not taken away by the statutory provisions which regulate the subject of new trials and the setting aside of defaults. This has repeatedly been held with reference to the District and County Courts, in which the statutes prescribe the times for filing such motions and re-

quire them to be in writing as fully as is required in Justice's Courts. The principle was applied to Justice's Courts by the Court of Appeals in the case of Hinzie v. Ward, 1 W. & W., sec. 1314.

"The order setting aside the default not being void, the cause stood open for further trial and the justice of the peace still had jurisdiction over the subject matter and the parties with power to render final judgment."

The opinions of Mr. Justice Pierson in Pierce v. Watkins, 114 Texas, 153, 263 S. W., 905, and in Wear v. McCallum, 119 Texas, 473, 33 S. W. (2d) 723, have often been referred to as contradictory to the opinions of Mr. Chief Justice Cureton in Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435, and Nevitt v. Wilson, 116 Texas, 29, 285 S. W., 1079, together with the adopted opinion of Judge Nickels in Diamond Ice & Cold Storage Company v. Strube, 115 Texas, 515, 284 S. W., 935.

In Pierce v. Watkins, supra, the Court was determining the effect of Section 30, declaring when the term of court, as to each cause, in the courts governed by the Act, came to an end. The gist of the decision is:

"As no motion for a new trial was filed within the time prescribed by Chapter 105, and thirty days having expired before the Court vacated and set aside the judgment, the judgment was final under the provisions of Chapter 105.

\*   \*   \*   \*   \*   \*

"The law is a valid exercise of legislative authority and well designed to have a wholesome effect upon the dispatch and finality of litigation in the courts in our congested centers. Legislative prerogative has always extended to fixing the time when judgments become final and the time when the necessary steps in the procedure must be taken.

"While the Act is a departure from the former regulations respecting motions for new trial, when the judgments becomes final, and other matters of procedure, yet its terms are reasonable and generous. Instead of two days, as heretofore allowed, ten days are allowed in which a motion for new trial may be filed. It may be amended within twenty days after it is filed. The judgment does not become final until after the expiration of thirty days from the date of the judgment, or after a motion for new trial was overruled, at which *time the term of court is at an end as far as the immediate case is concerned.*"

In Wear v. McCallum, supra, in which Mr. Justice Pierson also rendered the opinion, no motion for new trial was filed until sixty days after the date of the judgment, and the Court, as in Pierce v. Watkins, held that the judgment became final thirty

days after date of judgment; and that thereafter the Court was without jurisdiction to grant a motion for new trial.

In Townes v. Lattimore, supra, the original motion for new trial was filed within three days after final judgment. The amended motion was filed more than thirty days after the original motion was filed; but, the amended motion was determined by granting it two days after it was filed, being thirty-five days (or less than forty-five days) after the original motion was filed. No thirty days having elapsed *after* judgment, without motion filed, and no thirty days having elapsed *after* any motion for new trial was overruled, under the plain provisions of that Act, the Court was empowered to act upon the motion at the date it was granted.

Nevitt v. Wilson, supra, goes a step further than Townes v. Lattimore, though involving no new principle. Here the Court held, the opinion being by Chief Justice Cureton, that "jurisdiction to act on a motion filed within the statutory period extends until the motion is acted upon, even though this is *after* the expiration of forty-five days from its filing."

The decision was based upon the rule that a trial court "in virtue of its inherent power as a court, can grant new trials so long as it has jurisdiction of the cause."

In connection with this holding, the Court points out that Subdivision 30 of Article 2092 expressly declares that the judgment shall not become final until thirty days after rendition of judgment or after a motion for a new trial is overruled; and then concludes that since the judgment had not become final, because neither event specified to end the term had transpired, the disposition of the motion was still within the jurisdiction of the Court.

The Court in Chief Justice Cureton's opinion in the Nevitt case reiterated the decision in Pierce Company v. Watkins, saying: "Of course, if no motion for new trial is filed, the statute declares that the judgment shall be final thirty days after judgment," and it then holds that when a motion is filed, as in this case, "jurisdiction not only extends until the motion is acted on, but the judgment is not final until thirty days thereafter."

In the case now before us the amended motion for new trial was presented on May 7, 1932, within the statutory limit of thirty days from the date of its filing and within the time specified by the written agreement of the parties. It was not determined *until fifty-four days after its presentation nor until seventy-seven days after its filing.* Construing Section 28 of Article 2092 as directory, the District Court would have had

jurisdiction to grant the motion for new trial and relator would not be entitled to the mandamus prayed for.

However, Section 28 had been amended before the proceedings in the court below occurred. The significant part of the amendment of the statute is the substitution of *"must"* for *"shall"* where it occurs in the last sentence of the section above quoted, making such sentence *now* read:

"All motions and amended motions for new trials *must* be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." Acts 41st Leg., Fifth Called Session, chap. 70, p. 227.

Moreover, the closing section of the amending act declared that the original Section 28 was changed because the Supreme Court has held the statute merely directory, and because there was no time limit within which motions for new trial might be filed and determined.

■ The rule is elementary that we must give some effect to changes in the words of legislative acts and must also construe their words, so as to accomplish the legislative intent.

The Legislature has left no room to doubt its intent. As said by the Supreme Court of Wisconsin:

"The statute was enacted no doubt for the purpose of giving the judge a reasonable opportunity to consider the merits of the case and at the same time to prevent unwarrantable and undue delay." Borowicz v. Hamman, 189 Wis., 212, 217, 207 N. W., 426.

And, more particularly as declared by the same court in an earlier case in this language:

"The statute was intended to expedite the progress of litigation and to prevent long and unreasonable delays by trial courts in acting upon motions after verdict." Bankers' Finance Corp. v. Christenson, 181 Wis., 398, 401, 195 N. W., 319.

Volume 59, Corpus Juris, pages 995, 999, declares:

"Provided always that the interpretation is reasonable and not in conflict with the legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an

interpretation which gives effect to the entire language will be selected as against one which does not."

■ We can uphold the cardinal purpose of these sections of the statute as a whole, and give effect to the legislative intent to expedite litigation in our large cities, where court dockets are most congested, by saying that both original Section 29 and amended Section 28 are mandatory, with this one exception, that while an original motion for new trial filed under Section 29 is required to be filed within ten days, it may under the discretion of the Court be afterwards filed within thirty days. We make this provision directory to that extent only because similar language for filing original motions for new trial has always been treated as directory by the courts of Texas. Whether an original motion, tendered after ten days, is considered rests entirely within the discretion of the Court. The filing of an original motion for new trial after the ten days cannot serve as the basis for a twenty day period for amendemnt. An original motion filed after the ten days is of no effect whatever, unless entertained and determined within thirty days from the date of the judgment. But in order not to defeat the evident purpose of the act as amended we construe the latter portion of Section 29 as forbidding more than one amendment and as mandatorily forbidding the filing of any amended motion after twenty days from the date of filing the original motion. If the amended motion is filed beyond the allowed time, it has no effect. We repeat any attempt to amend more than once or out of time is nugatory.

Dealing specifically with Section 28 *as amended,* in the light of the aforesaid rules, we declare that it is mandatory both as to time of presentation of the motion and as to time for its disposition.

■ While the Court can exercise its inherent discretionary power over its judgment *until the end of the term as to each cause* as fixed by Section 30, yet *once* the Court overrules a motion, original or amended, its subsequent action has no effect in so far as concerns counting the thirty days from date of overruling the motion, to ascertain expiration of the term in the particular cause before the court. The time is counted from the *first* order overruling the motion.

In this case, there was an agreement postponing the presentment of the motion to a date subsequent to that on which it was presented to the trial judge. It is argued, and correctly, that the agreement referred to in the last clause of amended Section 28 is one for *decision* instead of for *present-*

*ment* of the motion. It is argued that the case should be decided as if no agreement were filed. We are unwilling to sustain that argument because of the manifest injustice it would work not to allow some reasonable time for determination of the motion after the parties had agreed upon a date for presentment.

■■ An agreement like that in this case extending the time for the presentation of the motion, but silent as to the time for its determination would, it seems, necessarily give by implication some time, or a reasonable time, for its determination after its submission. In this case Mrs. Moody did not avail herself of the benefit given or attempted to be given by the agreement, for she presented her motion on May 7, 1932, well within the statutory period. This being true, and the agreement not providing expressly for an extension of the time for the *determination* of the motion, there is no reason for holding that she acquired by virtue of the agreement any extension of the statutory period for the determination of the motion. In this view of the facts, the amended motion for rehearing was overruled by operation of law forty-five days after its filing, that is, on May 29, 1932, and the judgment became final on June 28, 1932, and the Court's order attempting to grant the new trial was not made until June 30, 1932. A written agreement extending the time for decision of a motion for new trial is valid. This principle has been recognized in recent opinions of the present Supreme Court in Glenn v. Milam, 114 Texas, 160, 263 S. W., 900, and in Walker v. Meyers, 114 Texas, 225, 266 S. W., 499.

This case is a companion case to Cause No. 5939, Dallas Storage & Warehouse Company et al. v. W. M. Taylor, District Judge, et al., 124 Texas, 315, 77 S. W. (2d) 1031, and Cause No. 6270, Millers Mutual Fire Insurance Company of Texas v. Mrs. Katie Wilkirson et al., 124 Texas, 312, 77 S. W. (2d) 1035, this day decided in opinions by Judge Smedley. All three cases were worked out in close collaboration between the writers. Hence, reference is made to the other two cases for a further discussion of questions involving the construction and application of the statute.

The mandamus should be granted, and it is so ordered.