MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS V.
MRS. KATIE WILKIRSON ET AL.

No. 6270.   Decided December 31, 1934.
(77 S. W., 2d Series, 1035.)

*Hyder & Howell,* and *Dean & Perkins,* of Fort Worth, for plaintiff in error.

*Levy & Evans,* of Fort Worth, for defendants in error.

*Cole, Cole, Patterson & Kemper,* of Houston, filed argument as amicus curiae.

MR. JUDGE SMEDLEY of the Commission of Appeals, Section B, delivered the opinion for the court.

This cause was tried in the District Court of Tarrant County and judgment was rendered therein on November 18, 1930, in favor of defendants in error.   On November 26, 1930, plaintiff in error filed its motion for new trial.   The trial court, on the application of plaintiff in error, defendant there, entered, on December 15, 1930, an order granting it an extension of thirty days from the date of the order within which to file its amended motion for new trial.   On January 13, 1931, the court entered another order granting plaintiff in error further extension, that is, an additional time of fifteen days from the date of the order, within which to file its amended motion, and this

order provided that the time within which the motion might be heard was extended to January 29, 1931. Plaintiff in error filed its amended motion for new trial on January 23, 1931. Thereafter, on January 27, 1931, the court entered an order extending the time for the hearing of the amended motion to February 4, 1931. On the day last named an order was entered granting plaintiff in error leave to file a second amended motion for new trial, and such motion was on the same day filed, presented, and taken under advisement. This last motion was overruled by order entered February 18, 1931, plaintiff in error excepting and giving notice of appeal.

On March 19, 1931, plaintiff in error filed its appeal bond. The transcript was filed in the Court of Civil Appeals at Fort Worth on June 1, 1931, and upon order of the Supreme Court the cause was transferred to the Court of Civil Appeals at Texarkana, the transcript being filed in that court on July 3, 1931. Within thirty days from the date of the filing of the transcript in the Court of Civil Appeals in Fort Worth, defendants in error filed their motion to dismiss the appeal on the following grounds: that both amended motions for new trial were filed after the expiration of the time fixed by the statute; that the trial court had no authority to enter the orders extending the time for their filing; that the original motion for new trial was overruled by operation of law either at the expiration of thirty days, or at the expiration of forty-five days, after its filing; and that therefore the appeal bond was filed too late.

The Court of Civil Appeals at Texarkana granted the motion and dismissed the appeal. 44 S. W. (2d) 787. The Supreme Court first refused plaintiff in error's application for writ of error, but on rehearing granted it. The sole question for determination in this court is the correctness of the action of the Court of Civil Appeals at Texarkana in dismissing the appeal for want of jurisdiction to entertain the same.

The rules of practice and procedure for the civil district courts of Tarrant County are prescribed by Article 2092, Revised Civil Statutes of 1925, as amended by Chapter 70, Acts of the 5th Called Session of the 41st Legislature, p. 227.

Under the construction given that statute in cause No. 6334, Independent Life Insurance Company of America v. T. A. Work, District Judge, et al., 124 Texas, 281, 77 S. W. (2d) 1036, and in cause No. 5939, Dallas Storage & Warehouse Company et al. v. W. M. Taylor, District Judge, et al., 124 Texas, 315, 77 S. W. (2d) 1031, both this day decided, the original

motion for new trial was overruled by operation of law at the expiration of thirty days from the date of its filing, that is, on December 26, 1930, the motion not having been presented. The trial court was without authority to enter the orders extending the time for the filing of amended motions. The Court of Civil Appeals correctly dismissed the appeal, because the appeal bond should have been filed within thirty days after the original motion for new trial was overruled by operation of law.

The judgment of the Court of Civil Appeals dismissing the appeal is affirmed.

Opinion adopted by Supreme Court December 31, 1934.