DALLAS STORAGE & WAREHOUSE COMPANY ET AL. V. HONORABLE W. M. TAYLOR, DISTRICT JUDGE, ET AL.

No. 5939.   Decided December 31, 1934.
(77 S. W., 2d Series, 1031.)

*Lee G. Carter* and *Bartlett, Thornton & Montgomery,* all of Dallas, for relators.

Where original motion for new trial has been filed within statutory time the jurisdiction of the court attaches and continues as long as such motion is undisposed of by an order of the court, and where an amended motion for new trial is filed the court may pass upon said amended motion even though not filed or presented within the forty-five days from the filing of the original motion, especially when said amended motion is presented within thirty days of its filing. Curoe v. Spokane & Inland Emp. Ry. Co., 32 Idaho, 643, 186 Pac., 1101; United States v. Oregon & Cal. Ry. Co., 164 U. S., 526, 17 Sup. Ct., 170, 41 L. Ed., 541; Sutherland v. DeLeon, 1 Texas, 250; Felton v. Johnson, 112 Texas, 412, 247 S. W., 837.

*Worsham, Rollins, Burford, Ryburn & Hincks, Horace C. Williams, Autry Norton* and *W. M. Taylor,* all of Dallas, for respondents.

Cited cases in opinion.

MR. JUDGE SMEDLEY of the Commission of Appeals delivered the opinion for the court.

Relators seek the issuance of a writ of mandamus to compel

Respondent, W. M. Taylor, Special Judge of the 14th Judicial District Court of Dallas County, to hear and determine their amended motion for new trial filed in a suit in said court in which Relators were defendants and Respondent, Lipscomb, was plaintiff.

The civil district courts of Dallas County are among those courts in which the rules of practice and procedure are prescribed by Article 2092, Revised Civil Statutes of 1925, as amended by Chapter 70, Acts of the 5th Called Session of the Forty-first Legislature, page 227.

A verdict was returned September 10, 1930. Relators filed on September 19, 1930, a motion to set aside the verdict. On September 20, 1930, judgment was rendered for Respondent, Lipscomb. Relators on September 26, 1930, filed a motion to set aside the judgment and grant them a new trial. The trial court on April 4, 1931, granted Relators leave to file an amended motion for new trial and the motion was filed on the same day. When the amended motion for new trial came on to be heard on April 10, 1931, Respondent, Lipscomb, filed a motion to strike the same; and the trial court thereupon entered an order overruling the motion to strike and also overruling the amended motion for new trial. The next day, however, the trial court set aside the order of April 10, 1931, overruling the amended motion for new trial, and held that it was without power to pass upon such motion. There was no agreement of the parties extending the time for the presentation, or for the decision, of the original motion, or of the amended motion.

This is one of three causes submitted at the same time and this day decided, presenting questions as to the correct construction of Article 2092, and particularly its Section 28 as amended, the other two causes being No. 6334, Independent Life Insurance Company of America v. T. A. Work, District Judge, et al. (ante, p. 281, 77 S. W. (2d) 1036), and No. 6270, Millers Mutual Fire Insurance Company of Texas v. Wilkirson et al. (ante, p. 312, 77 S. W. (2d) 1035).

Relators contend that the provisions of Section 28, even after its amendment, and of Section 29, fixing the time within which an amended motion for new trial may be filed, the time within which the motion must be presented, and the time within which it must be determined, are directory; that after an original motion for new trial has been filed within the statutory period, the jurisdiction of the court over the case and over the judgment continues as long as such motion is undisposed of by order of the court; and that the court has the

power to hear and determine an amended motion for new trial even though it is not filed and not presented until after the expiration of forty-five days from the filing of the original motion. They rely upon Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435; Diamond Ice & Cold Storage Co. v. Strube, 115 Texas, 515, 284 S. W., 935; and Nevitt v. Wilson, 116 Texas, 29, 285 S. W., 1079.

The contention of Respondents is that the amendment of Section 28 was designed to change, and did change, the rule laid down in the cases above cited, and that since that amendment became effective a motion for new trial, whether original or amended, must be presented within thirty days from the date of its filing, and must be determined within forty-five days from the date of its filing, and that if the motion is not so presented or is not so determined, it is overruled by operation of law at the expiration of the period fixed by the statute.

In our opinion Respondents' construction of the amended statute is correct. It is necessary, in construing the statute, that Section 28 as amended, Section 29, and Section 30 be read together and careful consideration given to the purpose of their various provisions, and particularly to the change intended to be accomplished by the amendment.

Section 28 prior to its amendment was as follows:

"A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or over-ruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials *shall* be presented within thirty days after the original motion or amended motion is filed and *shall* be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date." (Italics ours.)

This section was amended by Chapter 70, Acts 5th Called Session, 41st Legislature, which became effective ninety days after March 20, 1930. The amendment rewrote the entire section, but it made no change in its language except to substitute

for the word "shall," twice appearing in the original section and italicized in the foregoing quotation of the section in each instance the word "must." So that the section as amended, instead of providing that the motion *shall* be presented within thirty days and *shall* be determined within forty-five days, now provides that the motion *must* be presented and *must* be determined within such periods.

The emergency clause throws further light upon the change intended to be made. It is:

"The fact that the Supreme Court of Texas in the cases of Townes v. Lattimore, 114 Texas, 511, and Novill v. Wilson, 116 Texas, 29, has held that the present Statute is merely directory, and since no time limit within which motions for new trial may be filed and determined, creates an emergency, etc."

From the change of the word "shall" to "must" and from the recitals in the emergency clause, it unmistakably appears that the Legislature intends to make mandatory rules which, as it interpreted the two decisions referred to in the emergency clause, had theretofore been held to be but directory, and intended to fix definite limits of time for the presentation and determination of motions for new trial, in order to expedite the final disposition of causes in the trial court.

▋ Section 29 provides that a motion for new trial shall be filed within ten days after the judgment is rendered, and "may be amended by leave of court at any time before it is acted on within twenty days after it is filed." By the terms of Section 30 the judgment becomes "as final after the expiration of thirty days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired." This language has been construed and applied as making the judgment final, and fixing the end of the term as far as the immediate case is concerned, at the expiration of thirty days from the date of judgment or after a motion for new trial is overruled. Pierce Co. v. Watkins, 114 Texas, 153, 263 S. W., 905; Nevitt v. Wilson, 116 Texas, 29, 37, 285 S. W., 1079.

A statute which like this permits a motion filed at one term to be heard and determined at another, and which makes the judgment final only when thirty days have passed after the overruling of a motion for new trial, would give the trial court jurisdiction of indefinite duration over its judgment unless some certain time were fixed within which the motion must be heard and determined. The term of court as to the particular case would never end until thirty days after the motion was

overruled. Thus the postponement of hearing and determining the motion would result in an intolerable delay. This the legislature by the amendment of Section 28 undertook to prevent.

Section 28 as amended cannot be construed as depriving the court of its jurisdiction over the case at the expiration of the forty-five day period, or as fixing the end of the term for the particular case at the expiration of such period, because Section 30, which has not been amended, fixes by express language the time for the finality of the judgment, and for the end of the term as to the case, at thirty days after the date of the judgment, or after motion for new trial is overruled.

In order to give mandatory effect, therefore, to the changed language of Section 28 and at the same time to harmonize it with Section 30, we hold that if a motion for new trial, whether original or amended, is not presented within thirty days from the date of its filing, it is overruled by operation of law at the expiration of such thirty day period; and if a motion for new trial, whether original or amended, is presented within the thirty day period, but is not determined within forty-five days from the date of its filing, it is overruled by operation of law at the expiration of such forty-five day period.

■ Section 29 requires that the original motion for new trial be filed within ten days after the judgment is rendered, and it contains nothing suggesting that the court may permit its filing at a later date. However, since jurisdiction over the case continues, in the absence of a motion, for thirty days from the date of the judgment, the court may in its discretion, within such thirty day period, entertain a motion filed after the ten days but within the thirty days, and if it does so and overrules it, the judgment does not become final until the expiration of thirty days from the time the motion was overruled. This conclusion is in line with the many decisions holding that, notwithstanding the requirement of Article 2232 that motions for new trial in courts not governed by Article 2092 shall be filed within two days after verdict is returned, the trial court has the discretion during the term to entertain a motion filed after the expiration of the two day period. See Dittman v. Model Baking Co. (Com. App.), 271 S. W., 75, and cases there cited.

■ A strict construction must be given to that part of Section 29 which relates to the time for the filing of an amended motion for new trial. Trial courts could in large measure de-

feat the purpose of the amendment of Section 28 by permitting amended motions to be filed after the expiration of the time fixed by the statute for their filing. Section 29 in exact and particular language defines the conditions upon which a motion for new trial may be amended. They are: First, that leave of court must be obtained; second, that it can be amended only before it is acted upon; and third, that the amendment must be made within twenty days after the filing of the motion. Only on these terms is amendment permitted. We therefore construe Section 29 to mean, since the amendment of Section 28, that an amended motion for new trial must be filed within twenty days after the original motion is filed, and that no amended motion may be filed after the expiration of that period.

■■ A construction, which treats as mandatory the provisions of Section 29 authorizing the amendment of motions and those of Section 28 requiring the motions must be presented and determined within stated times, gives effect to the express language of the statute and carries out the intention of the legislature. It does not trench upon the inherent power of the court to exercise control over its judgment during the term at which it was rendered, or to grant a new trial so long as it has jurisdiction of the cause, for the jurisdiction of the court over the judgment and over the cause still continues, as above stated, in accordance with the terms of Section 30, for thirty days after the motion for new trial is overruled. The statute does not substantially affect or impair judicial functions or powers, for it but fixes the time when the different steps in procedure are to be taken, allowing reasonable periods for their taking. Pierce Co. v. Watkins, supra.

Under the construction herein given the statute, we reach the following conclusions:

If no original motion for new trial is filed, or if such motion is filed after the time fixed by the statute and is not entertained by the court, the judgment becomes final and the term is as to the case at an end upon the expiration of thirty days from the date of the judgment.

If an original motion for new trial is filed after the expiration of ten days from the date of the judgment and is entertained by the court and overruled within thirty days after the date of judgment, the judgment becomes final and the term of court is as to the case at an end upon the expiration of thirty days from the date on which the motion was overruled.

No amended motion for new trial may be filed after the expiration of twenty days from the date of the filing of the

original motion, and an amended motion filed after the expiration of that period is to be treated as of no effect.

If an original motion for new trial is filed within the time fixed by the statute and no amended motion is filed within twenty days after the filing of the original motion, the original motion must be presented within thirty days from the date of its filing, and if so presented must be determined within forty-five days from the date of its filing.

If an original motion is duly filed and if an amended motion is filed within twenty days from the date of the filing of the original motion, the amended motion must be presented within thirty days from the date of its filing, and if so presented must be determined within forty-five days from the date of its filing.

If a motion for new trial duly filed, whether the original motion or the amended motion, is not presented within thirty days after the date of its filing, it is overruled by operation of law at the expiration of such thirty day period.

■ If a motion for new trial duly filed, whether original or amended, is presented within thirty days from the date of its filing, but is not determined within forty-five days from the date of its filing, it is overruled by operation of law at the expiration of such forty-five day period.

When a motion for new trial, duly filed, original or amended, has been overruled, whether by order of court or by operation of law, the court still has control over the judgment and power to grant a new trial until the expiration of thirty days from the date on which the motion was overruled. When that period has expired the judgment is final and the term of court is, as to the case, at an end.

Since there was no agreement of the parties in this case, that part of Section 28 relating to written agreements for the postponement of the decision of motions is not discussed. It is construed in cause No. 6334, Independent Life Insurance Company of America v. T. A. Work, District Judge, et al., this day decided (supra). The opinion of Justice Greenwood in that cause contains a more thorough discussion of the reasons for the conclusions herein stated.

■ In this case the original motion for new trial was duly filed on September 26, 1930. Not having been presented, it was overruled by operation of law at the expiration of thirty days from that date, which was on October 26, 1930. The judgment became final and the term was, as to the case, at an end upon

the expiration of thirty days from October 26, 1930, that is, on November 25, 1930. The trial court had no authority thereafter either to permit the filing of an amended motion or to pass upon a motion.

The application for writ of mandamus is refused.

Opinion adopted by the Supreme Court December 31, 1934.