## FOX et al. v. HOLLEY et al.

### No. 2182.

Court of Civil Appeals of Texas. Eastland.

Oct. 17, 1941.

House & House and J. W. Craig, all of Dallas, for appellants.

Coke & Coke, of Dallas, for appellees.

LESLIE, Chief Justice.

F. C. and M. J. Holley instituted this suit in trespass to try title against Earlene Fox and James Reace Richey. Defendants were duly served with citation, returnable August 5, 1940, and on the following day the case was called in due order and no answer being on file, judgment by default was then taken against them. The judgment was promptly presented to and approved by the court.

On August 8 appellants filed their motion to set aside the judgment and for a new trial. Thus the matter rested until September 28, 1940, when said motion was presented to the court for decision and the court overruled it. The appellants attempt to appeal by virtue of a purported appeal bond filed October 26, 1940. Appellees contend such bond was filed too late to confer jurisdiction upon the appellate court and they ask dismissal of the appeal.

The court from which this appeal comes is among those for which the rules of practice and procedure are prescribed by Art. 2092, Vernon's Ann.Rev.Civ.St. of Texas, as subsequently amended by legislative acts to be found in Pocket Parts, volume 6. Under these statutes, the motion for a new trial was duly filed but it was not presented to the trial court for a decision in compliance with the mandatory provisions of said statute, which requires that such motions (original here) must be so presented within thirty days after same is filed. Hence, this original motion (filed August 8) was overruled thereafter by operation of law September 7, 1940. This conclusion is compelled by the construction given the above statute in Dallas Storage & Warehouse Co. v. W. M. Taylor, Judge, 124 Tex. 315, 77 S.W.2d 1031; Independent Life Ins. Co. v. T. A. Work, Judge, 124 Tex. 281, 77 S.W.2d 1036; Miller Mutual Fire Ins. Co. of Texas v. Mrs. Katie Wilkirson, et al., 124 Tex. 312, 77 S.W.2d 1035.

The purported appeal bond, not having been filed within thirty days after the motion for a new trial was overruled by operation of law on September 7, 1940, it was for that reason ineffective to confer jurisdiction of the appeal on this court. Under such circumstances the appeal must be dismissed. Miller Mutual Fire Ins. Co. v. Wilkirson, supra. It is so ordered.