**FEDERAL UNDERWRITERS EXCHANGE et al. v. BAILEY et al.**

**No. 13474.**

Court of Civil Appeals of Texas. Dallas.

Nov. 12, 1943.

Lightfoot, Robertson & Gano, of Fort Worth, and G. O. Crisp, of Kaufman, for appellants.

Robertson, Leachman, Payne, Gardere & Lancaster and Kennemer & Armstrong, all of Dallas, for appellees.

LOONEY, Justice.

On original submission, we sustained, without a written opinion, the motion to dismiss the appeal of Federal Underwriters Exchange. The matter is again before us on motion for rehearing, with request that a written opinion be filed. The following preliminary statement is deemed necessary to a proper understanding of the questions discussed: Mrs. M. W. Bailey, widow, and the three minor children of M. W. Bailey, deceased, were awarded judgment in the court below against the Federal Underwriters Exchange (recovery denied against Texas Employers' Insurance Association), under the Employers' Liability Act, Vernon's Ann.Civ.St. art. 8306 et seq., for the death of the husband and father. Mrs. Bailey and her children and Federal Underwriters Exchange filed original and amended motions for a new trial, and on same being overruled, excepted, gave notice of and perfected, or at least attempted, separate appeals. Texas Employers' Insurance Association moved to dismiss the appeals for reasons hereinafter stated, and Mrs. Bailey and her children, plaintiffs below, confess error and joined in the motion to dismiss.

The record discloses that during the term of court at which the case was tried, House Bill No. 353, amending Sec. 86 of Art. 199, Civ.Sts., Vernon's Ann.Civ.St. art. 199, district 86, became effective, by virtue of which the terms of the District Court of Kaufman County were made continuous. Without discussing the question in extenso, we express the conclusion that the statute had the effect of placing Kaufman County under the practice and procedure prescribed in Rule 330, subsection (k) of which provides that, "A motion for new trial where required shall be filed within ten (10) days after the judgment is rendered or other order complained of is rendered, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is

filed." The basic ground of the motion to dismiss the appeal is that appellants failed to comply with the rule just quoted.

The pertinent facts disclosed by the record are these: While the judgment recites that it was rendered on March 22, 1943, the certificate of the clerk shows that it was not filed until March 30, 1943; however, on March 22, appellant, Federal Underwriters Exchange, filed its motion for a new trial, and on April 17, under a permissive order of court, filed an amended motion, reproducing the grounds alleged in the original, and alleged additional grounds. On April 17, the court overruled appellant's motion, reciting in the order that its action was had on "the first amended original motion for new trial." Reckoned from this date, that is, April 17, 1943, appellant's appeal was properly and duly perfected.

The record also discloses that on May 11, 1943, and before the appeal of Federal Underwriters Exchange was perfected, which was on May 15, three of the plaintiffs, children of the deceased, filed in the cause a pleading styled "Motion, waiver and remittitur," requesting the court to change the judgment so as to provide for payment to them and their attorney in weekly installments, rather than in lump sums. On May 13, the court sustained the motion and ordered that the judgment be corrected and amended in keeping with said motion. On May 21, appellant, Federal Underwriters Exchange, filed its motion for a new trial, alleging same grounds as in its amended motion for a new trial heretofore mentioned, which being overruled on May 24, appellant excepted, gave notice of and, within the time prescribed, duly perfected an appeal.

■ The statement just given comprises the material facts to be considered in passing upon the questions presented and in doing so, the doctrine must not be overlooked that the right of a litigant to appeal is constitutional and should not be defeated on a doubtful or technically ingenious construction of statutes or rules, and where doubt exists as to their meaning, the same should be so resolved as to sustain rather than defeat an appeal.

The contention of appellees, in short, is that the judgment sought to be appealed was rendered and the original motion for new trial filed on March 22, 1943, and that the amended motion having been filed on April 17 (26 days after the original), was a nullity, that the action of the court overruling same on April 17 also was a nullity and cannot be construed as an order overruling the original motion, from which to reckon the time to perfect the appeal (citing Subd. (k), Rule 330, Texas Rules of Civil Procedure); and that, under Rule 356 (a), the appeal bond should have been filed within 30 days after the date of the judgment, and as it was not filed until May 15, 1943, the appeal was not perfected, hence the motions to dismiss should be sustained.

On reconsideration, we have reached the conclusion that, for reasons hereinafter stated, error was committed in dismissing the appeal of Federal Underwriters Exchange.

As heretofore mentioned, the original judgment announced March 22, 1943, in favor of the widow and three children of the deceased, was for lump sum payments, based upon the jury finding that, otherwise, manifest injustice and hardship would result to the plaintiffs. Thereafter, on May 11, the three children of deceased filed a motion, expressing doubt as to the sufficiency of the evidence to establish their right to a lump sum settlement, therefore waived that right and requested the court to change the judgment so as to provide for weekly payments instead; and that the recovery in favor of their attorney, out of their part of the judgment, likewise be paid in weekly installments. On May 13, during the term of court and before Federal Underwriters Exchange filed its appeal bond, which was on May 15, the court heard and granted the motion and ordered that, "The judgment heretofore entered in this cause (be) corrected and amended in keeping with said motion, waiver and remittitur to the end that same shall read in so far as said * * *," naming the parties, and followed by an order changing the lump sum to payments in weekly installments. The judgment in favor of the widow, Mrs. M. W. Bailey, for a lump sum remained as originally entered, but as to the other plaintiffs (the three children of the deceased), the judgment was amended so as to provide for weekly payments. Thereafter, on May 21, appellant filed a motion for a new trial, based upon the same grounds set up in its amended motion filed April 17, complaining of the original judgment, and thereafter, on May 24, the motion being overruled, appellant excepted, gave notice of and duly perfected an appeal.

Appellant contends that the effect of the amended judgment was to vacate and set aside the original, and that having duly perfected an appeal from the amended judgment, the whole case was brought up for review. We sustain this contention. Although the amended judgment was similar, in fact, in substance the same as the first, yet it is the judgment now in force and must be executed, if not reversed. In Luck v. Hopkins, 92 Tex. 426, 49 S.W. 360, 361, a judgment was entered against the defendant on May 28, 1897, and on July 9, was reformed and another entered to the same effect as the first. The Supreme Court, in an opinion by Judge Brown, held that the reformed judgment vacated the first and, among other things, used the following pertinent language; he said: "It does not matter that the judgment last entered was similar to, or in fact the same as, the first judgment, for the reason that the first judgment no longer existed after that of July 9th was rendered by the court." Also see Hall v. Read, 28 Tex.Civ.App. 18, 66 S.W. 809, and 3 T.J., Sec. 183, p. 278. We are of opinion, therefore, that the appeal from the amended judgment of May 13, 1943, brought the entire case before us for review.

But if incorrect in the conclusion just announced, we are of opinion that appellant properly perfected its appeal from the original judgment pronounced March 22, 1943, for reasons which will be stated. As before shown, the original motion filed March 22 was prior to the entry of judgment or its having been signed by the judge and filed with the clerk, which, according to the clerk's certificate, was on March 30. In the case of Loper v. Hosier, Tex.Civ.App., 148 S.W.2d 889, 894, this court held that "A judgment becomes final and appealable only when entered upon the minutes of court, or when reduced to writing and signed by the judge, tantamount to the same thing, as provided by Art. 1899, R.C.S." (Application for writ dismissed.) And in Cleburne National Bank v. Bowers, 130 Tex. 637, 112 S.W. 2d 717, 718, the Supreme Court, discussing the finality of judgment, among other things, said: " * * * we hold in this case that the judgment was final when pronounced in open court, reduced to writing, and signed by the presiding judge." It follows that, when the original motion was filed (March 22), judgment not having been entered or reduced to writing, signed by the judge and filed with the clerk, it cannot be considered a motion for a new trial, but simply a motion to set aside the verdict of the jury, hence it necessarily follows that, the motion filed April 17, although styled "Amended Motion for New Trial," in legal effect, was appellant's original motion for a new trial. This was the holding of the Fort Worth Court of Civil Appeals in City of Wichita Falls v. Brown, 119 S.W.2d 407, on all fours with the instant case (application for writ dismissed), the court said: "We decline to consider the first motion filed by the defendant on May 29th, as a motion for a new trial. It is simply a motion to set aside the verdict. Therefore, we decline to consider the motion filed by the defendant on June 19th as an amended motion for a new trial, but same appears to us from the record to be defendant's first and original motion for a new trial." (119 S.W.2d at page 409, 2nd col.) Although the amended motion, construed as appellant's original motion for new trial, was not filed until 18 days after the finality of the judgment (March 30) and 8 days after the time limit prescribed in Subd. (k) of Rule 330, yet, as held by the Supreme Court, it was within the discretion of the trial judge to consider and act upon same within thirty days after the date of the judgment (see Independent Life Ins. Co. v. Work, 124 Tex. 281, 77 S.W.2d 1036, 1040), and this having been done on April 17, the appeal, in our opinion, was properly perfected by filing the appeal bond on May 15, within thirty days thereafter; for this reason, we think the appeal was properly perfected.

It is true, the Supreme Court has held that an amended motion for a new trial, filed more than 20 days after the original, is of no effect and must be disregarded (See Dallas, etc., Co. v. Taylor, Dist. Judge, 124 Tex. 315, 77 S.W.2d 1031, 1035); however, we do not think this disposed of the original motion which was not superseded by the abortive attempt to amend, but still pended, and in this status, on April 17, within thirty days from the date of the filing of the original, the court denied appellant a new trial; although the order erroneously recited that the court's action was on the amended motion, yet, as it had no legal existence, any reference to it must be disregarded; the only pleading before the court as basis for its action denying appellant a new trial was the orig-

inal motion, so we conclude that the order entered must be considered an order over- ruling appellant's original motion for a new trial, and, as the appeal bond was filed within thirty days from that date, the ap- peal was duly perfected.

Finally, even if it be conceded, as contended by appellees, that the amended motion for a new trial was a nullity, that the action of the court thereon also was a nullity and cannot be considered an order overruling appellant's original motion for new trial within the contemplation of the rule, yet the original motion, not having been overruled by the order of court, nec- essarily was overruled by operation of law thirty days after being filed, and, appel- lant having filed its appeal bond within thirty days after such event, the appeal, in our opinion, was perfected. See Millers Mut., etc., Co. v. Wilkirson, 124 Tex. 312; 77 S.W.2d 1035, 1036 and Settegast v. Mar- tin, Tex.Civ.App., 154 S.W.2d 299, 301.

It follows from what has been said that we are of opinion the motion for rehearing should be sustained, the former order of court dismissing the appeal set aside, and judgment here entered overruling the mo- tion to dismiss, and it is so ordered.

YOUNG, J., dissents.