## ALEXANDER MOTOR CO. v. PRUITT.
### No. 13768.

Court of Civil Appeals of Texas. Dallas.
Nov. 29, 1946.

Rehearing Denied Jan. 17, 1947.

A. F. Nossaman, of Sherman, and O. O. Touchstone, of Dallas, for appellant.

O. H. Woodrow and Russell Dunn, both of Sherman, for appellee.

LOONEY, Justice.

Robert Labon Pruitt, the appellee, moves to dismiss the appeal in this case on two grounds, contending that this court is without jurisdiction (1) because appellant failed to file with the clerk of the court below a bond for costs on appeal within the time prescribed by Rule 356(a), Texas Rules of Civil Procedure; and (2) because it failed to file with the clerk of this court the transcript and statement of facts within the time prescribed by Rule 386.

The appeal is from a district court of Grayson County, which has two district courts, each vested with civil jurisdiction as provided by Art. 199, R.C.S., amended by an Act of the 48th Legislature, effective February 9, 1943, Vernon's Ann.Civ. St. art. 199; and each of these courts has successive terms throughout the year, without more than two days intervening between terms. It follows that the district courts of Grayson County are under the practice and procedure prescribed by Rule 330. Federal Underwriters, etc. v. Bailey, Tex.Civ.App., 175 S.W.2d 618, App. ref. W.M.

■ The record shows that judgment below, based upon the verdict of a jury, was rendered and entered on April 29, 1946. Appellant's original motion for new trial was filed on April 30, 1946. This motion was neither amended, sought to be amended within 20 days after being filed, nor was it ever presented to the court for action; hence was overruled by operation of law 30 days from the date of filing, which was May 30, 1946. In order to have perfected an appeal from the judgment, under Rule 356(a), appellant was required to file with the clerk of the court below its bond on appeal within 30 days thereafter, which it seems appellant failed to do, as the appeal bond in the record was not filed until on July 29, 1946.

■ The procedural rules involved by the facts of the instant case, received a careful re-examination by the Supreme Court in disposing of the following three cases decided the same day, to wit: Dallas Storage, etc. v. Taylor, District Judge, 124 Tex. 315, 77 S.W.2d 1031; Millers Mutual, etc. v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035; and Independent Life Ins. Co. v. Work, District Judge, 124 Tex. 281, 77 S.W. 2d 1036. As is apparent from the opinions, these cases were considered together and resolved by the collaboration of the writers, with the result that the procedural rules under consideration were given definite meanings; among others, it was announced that an original motion for new trial not presented for consideration, was overruled by operation of law at the expiration of 30 days from the date of filing; and that in such a situation the trial court was without authority to enter orders extending time for filing an amended motion. This was specifically held in Millers Mutual, etc. v. Wilkirson, supra; and in same case, at page 1036 of 77 S.W.2d, Judge Smedley, speaking for the court, said: "Under the construction given that statute in Independent Life Insurance Co. of America v. T. A. Work, District Judge, et al., 124 Tex. 281, 77 S.W.2d 1036, and in Dallas Storage & Warehouse Co. et al. v. W. M. Taylor, District Judge, et al., 124 Tex. 315, 77 S.W.2d 1031, both this day decided, the original motion for new trial was overruled by operation of law at the expiration of 30 days from the date of its filing, that is, on December 26, 1930, the motion not having been presented. The trial court was without authority to enter the orders extending the time for the filing of amended motions. The Court of Civil Appeals correctly dismissed the appeal because the appeal bond should have been filed within 30 days after the original motion for new trial was overruled by operation of law."

Subsequent to the decisions in the cases just mentioned, the new rules of civil procedure were adopted by the Supreme Court, but the rules under consideration were not changed. Other cases could be cited that followed and applied the rule just announced, but to cite these additional cases would be to lengthen this opinion to no purpose. So we have reached the conclusion that the law today is as it was an-

nounced in the decisions above quoted, and constrains us to hold that the appeal bond in the instant case was filed too late to confer on this court jurisdiction to review the judgment of the court below. It is said in 3 Tex.Jur. 331, sec. 227, " * * * The decisions are numerous and uniform to the effect that if an appeal bond is not filed within the time prescribed the Court of Civil Appeals acquires no jurisdiction, and is without power to acquire it. * * *." Also, see Labansat et al. v. Cameron County, Tex.Civ.App., 143 S.W.2d 94.

■ The second ground urged by appellee is that appellant failed to file with the clerk of this court the transcript and statement of facts within 60 days from the date of final judgment, as required by Rule 386. The facts are these: As heretofore shown, appellant's original motion for new trial was filed on April 30, 1946; was neither amended nor presented to the court for action; hence was overruled by operation of law on May 30, 1946; and, absent any effort to obtain an extension of time, Rule 386 required appellant to file the transcript and statement of facts with the clerk of this court within 60 days from the final judgment or order overruling the motion for a new trial. It follows that the filing of transcript and statement of facts on August 28, 1946, was unauthorized and failed to confer jurisdiction on this court to review the judgment below. See Garrett v. Mercantile National Bank, 140 Tex. 394, 168 S.W.2d 636; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956.

■ But appellant contends that the instant case is not controlled by procedural Rule 330, but rather is controlled by Rule 320. We overrule this contention on authority of Federal Underwriters Exchange v. Bailey, Tex.Civ.App., 175 S.W.2d 618, 619 (App. ref. W.M.). However, appellant's major contention is that even if Rule 330 be applicable and controlling, yet as it was substantially complied with, this court has jurisdiction of the appeal.

■ The above contention is based upon the following facts revealed by the record: On May 29, 1946, the day before the term ended, the court entered an order in the case extending the term of court to and including July 27, 1946, "for the purpose of completing the trial and for no other purpose." This order, it seems, was prepared by counsel for appellant and when presented to opposing counsel, before signing he had the language "Approved as to form" entered thereon, underneath which he signed.

It is stated by counsel for appellant that "Both counsel knew that the only purpose of this order was to extend the time for the presentation and decision of the amended motion for a new trial which was to be filed in the cause, and it is, in legal effect, a signed agreement within the meaning of that portion of Rule 330, Section (j), which reads as follows: ' * * * No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. * * *.' " If the language just quoted from Section (j) comprised all the language pertinent to the question under consideration, there would be some plausibility in appellant's contention; but such is not the case; the language quoted from Section (j), after a period, is followed immediately by the following: "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

Thus we see the Rule required that the motion for a new trial be presented to the court for action within 30 days after its filing, and be determined within not exceeding 45 days thereafter, unless by written agreement of the parties in the case, decision of the motion by the court is postponed to a later date. The agreement contemplated here relates alone to the time within which the court may determine a

motion for a new trial duly presented within the time prescribed, and has no relation to an extension of the term of court for the purpose of permitting a party to prepare and present an amended motion for a new trial. As heretofore shown, the court, itself, was without authority to enter an order extending the time for filing a belated amended motion for a new trial; and, of course, the court being without power, it was beyond the province of counsel, even if they had attempted to enter into an agreement for such purpose. We do not think counsel for appellee agreed to anything affecting the jurisdiction of this court by simply signing under the phrase "Approved as to form."

Counsel for opposing parties have filed affidavits in regard to the preparation, signing and entry of the order in question, and they differ somewhat as to what occurred at the time. We do not deem it necessary to settle the conflict between these reputable attorneys, because, in either event, the action of the court at the time and under the circumstances, in attempting to extend the term of court for the purpose of permitting the filing of an amended motion for a new trial, was wholly unauthorized and void. This precise question was decided by the Fort Worth Court of Civil Appeals in the case of Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679, in which the Supreme Court refused a writ of error. The case was an appeal from the district court of Denton County, where the terms of court, as in Grayson County, are continuous; the question involved, as in the instant case, an order of the district court attempting to extend the term of court in order to hear motions for judgment, for new trial, and other matters. The Court of Civil Appeals held that such an order was prohibited by the provisions of the Act of the Legislature making the terms of court in Denton County continuous; and that such an order could not and did not enlarge the time limits set forth in Rule 330, or circumvent the plain provisions of such Rule.

For reasons heretofore stated, appellee's motion to dismiss the appeal is granted.

BOND, C. J., not sitting.