

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

June 9, 1950

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas

Opinion No. V-1072

Re: The effect of the optional
five day work week upon
computation of vacation
allowances for State
employees.

Dear Sir:

Your request for an opinion reads in part as follows:

"Some of our employees work 44 hours per week from Mondays through Fridays, inclusive, - 5 days. Others, because of their duties work $5\frac{1}{4}$ or 6 days per week.

"In computing vacation allowances shall Saturday be considered 'a working day'? Our offices are open on Saturday, our officers are performing their duties on the highways and elsewhere on that day, but some employees are off because of the 44 hour, 5 day per week provision.

"Computation by one method (not counting Saturday a working day) would allow employees to be absent from duties for as long as eighteen calendar days plus any holidays that might occur within the period.

"Computation by methods used in the past (counting Saturday a working day) would result in 2 days less vacation for employees than that allowed by computation indicated in the preceding paragraph.

"Do paragraphs (7) Office Hours of State Departments, and (9) Vacation Allowance of Section 2, H. B. 322, Regular Session, 51st Texas Legislature, increase

vacation allowances for State departmental employees an additional two days over that provided by previous appropriation bills ?"

Section 2 (9) of H. B. 322, Acts 51st Leg., R. S. 1949, ch. 615, p. 1344 (Current Appropriation Bill for State Departments) authorizes a vacation allowance for State employees as follows:

". . . Department employees shall, without deduction in salary, receive not exceeding one (1) working days' vacation for each month of service, such vacation period to be mutually agreed upon by the Head of each Department with his employees; and any unused vacation time in any one State fiscal year may be used only during the following fiscal year."

Previous acts of the Legislature provided for a vacation allowance in the following language.

"Department employees shall, without deduction in salary, receive not exceeding twelve days' vacation, exclusive of Sundays or legal holidays on which State offices are closed, for each State fiscal year, such vacation to be mutually agreed upon by the Head of each Department with his employees. Provided, that no employee for whom a salary is hereby appropriated, shall receive compensation while on vacation unless he or she has been an employee of a department for not less than six calendar months preceding the vacation period." Section 2 (8), S. B. 391, Acts 50th Leg., 1947, ch. 400, p. 934; Section 2 (8), S. B. 317, Acts 49th Leg., 1945, ch. 378, p. 941.

The current Appropriation Bill does not define the term "working day," but it does provide with respect to office hours of State Departments as follows:

". . . Excepting Sundays and legal holidays designated by the Governor or designated in this Act, State employees shall work a minimum of forty-four (44) hours per week, and such departments shall be allowed to close on Saturdays provided employees have worked the required number of hours, and further provided all

departments shall be open during the hours of 8 A.M. and 5 P.M., Mondays through Fridays, excepting legal holidays." Section 2 (7), H. B. 322, Acts 51st Leg., R. S. 1949, ch. 615, p. 1344.

Previous acts of the Legislature provided for office hours of State Departments in the following language:

". . . Excepting herefrom Sundays and State legal holidays, office hours of State Departments shall be from 8 o'clock A.M. to 5 o'clock P.M., with one hour off at noon; provided, however, that all departments shall be allowed to close at noon on Saturdays; and provided further . . . that Saturday afternoons shall not be construed to be a part of the twelve days' vacation provided for below." Section 2 (7), S. B. 391, Acts 50th Leg., 1947, ch. 400, p. 934; Section 2 (7), S. B. 317, Acts 49th Leg., 1945, ch. 378, p. 941.

From the above it becomes readily apparent that the 51st Legislature has completely eliminated the prohibition found in prior acts against counting Saturday afternoons in computing the authorized maximum vacation allowance of twelve days, and has also changed the method of computing vacation time from a straight twelve days allowance for those employees with six months or more service to one "not exceeding one (1) working days' vacation for each month of service." It is an elementary rule of statutory construction that effect must be given to changes in the words of legislative acts so as to accomplish the legislative intent. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S. W.2d 1036 (1934).

As above mentioned, the current act does not define the term "working day". Section 2 (7) makes it permissible for State Departments to close all day on Saturdays, but it only excepts Sundays and legal holidays from the days on which all State employees are to work the required minimum number of hours in each week. Thus, while it is made discretionary with each State Department whether its employees shall work on Saturdays, it is clear that any State employee can be required to work on any Saturday. Some State departments are open on Saturday, and the employees of these departments work on that day.

Other departments, as yours, have employees, who because of the nature of their duties, work all or a portion of that day. This being true, we think it is clear that the Legislature intended for Saturdays to be considered a ''working day'' in computing vacation allowances. This is especially so in view of the Legislature's elimination of the previously existing prohibition against counting Saturday afternoons in arriving at the maximum vacation allowance of twelve days.

Certainly the Legislature did not intend that some employees could be allowed a longer maximum vacation than others. For this reason we are unable to assume legislative approval of any method of computation whereby each department head should decide whether Saturday is a ''working day'' in determining the maximum vacation period.

Moreover, the language found in Section 2(7) of H. B. 322, when considered in the light of prior acts of the Legislature with respect to vacation allowances, makes it clear that the Legislature intended a definite change in the manner in which vacation time allowances short of the maximum are to be computed. Such change was for the obvious purpose of bringing about uniformity and equity in computing maximum vacation allowances. Under the provisions of departmental appropriation bills previously in effect, any employee who had been in the employment of a department for as long as six months became eligible for a full paid vacation, and no distinction was made between vacations allowed employees after several years of service and those employees who had qualified under the six months minimum. Op. Att'y. Gen. O-5972 (1944). The new vacation allowance provision clearly alters this situation. Under this new provision the employee who has been working only six months will be entitled to one-half the vacation allowed those who have been employed by a department for a year.

It is our opinion that the Legislature altered the vacation allowance provision for the purpose of establishing a uniform and equitable method for computation of vacation allowances. Furthermore, we do not feel that this change had for its purpose or was in any manner intended to create a new and different maximum vacation allowance or the creation of different total vacation allowances for employees in the same State department or

in different departments who have the same length of service to their credit. If the Legislature had so intended it could have easily provided for same, and this it did not do.

To illustrate the above holding, assume that a State employee with twelve months prior State service is now engaged in working the required forty-four hours minimum in five days. If such an employee's vacation is to begin on Monday, July 10,1950, then such employee would be required to report back for duty on Monday, July 24, 1950. This is true even though such employee has actually completed his minimum work week on Friday evening, July 7, 1950, and therefore does not have to report for duty on Saturday, July 8, 1950. Saturday (July 8, 1950) is not an extra vacation day for the simple reason that this particular Saturday falls in the same classification with any other Saturday in an actual work week of an employee who has completed his required minimum work of forty-four hours during the period Monday through Friday, inclusive, as authorized by the Departmental Appropriation Bill.

## SUMMARY

Section 2 (9), H. B. 322, Acts 51st Leg., R. S.1949, ch. 615, p. 1344, limits the maximum vacation allowance for a State employee to one working day for each month of service, and in computing such time Saturdays are to be considered as a "working day," unless the same falls on a statutory legal holiday, or one so designated by the Governor.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Joe Greenhill
First Assistant

Price Daniel
Attorney General

CDM:WFW:mf

Charles D. Mathews
Executive Assistant

Walter F. Woodul, Jr.
Assistant