

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 30, 1975

The Honorable Dolph Briscoe
Governor of Texas
State Capitol Building
Austin, Texas 78711

Dear Governor Briscoe:

Opinion No. H- 510

Re: Disqualification for
service as a member
of the State Banking
Board

You have asked our opinion concerning disqualifications for appointment of the citizen member of the State Banking Board.

The State Banking Board was created in the Texas Banking Code of 1943 and consists of the State Treasurer, the Banking Commissioner and a citizen member. In 1971 the Banking Code was amended and the citizen member of the Board was described as "a citizen of this State, who shall represent the interests of the general public, . . . " Acts 1971, 62nd Leg., ch. 950, p. 2884, V. T. C. S. art. 342-115, § 1. At the same time, the Legislature provided that:

> (c) No member of the Board shall be an officer,
> director or otherwise interested in the management
> or operation of any State or national bank or savings
> and loan association; provided further, that if any
> Board member shall own or otherwise control any
> shares of stock in any State or national bank, or
> savings and loan association, that he shall file with
> the chairman a list of all such stocks, describing
> the security, the quantity, and the value thereof, which
> list shall be a public record of the Banking Board.

V. T. C. S., art. 342-115, § 3(c).

Specifically you ask:

> . . . would a shareholder of a bank, who owns
> 18 per cent of the bank's stock, and who is an attorney
> who represents the bank as its attorney, be a person

who is interested in the management or operation
of a bank in such a manner as to disqualify him
under Article 342-115 from being the citizen
member on the State Banking Board.

We know of no statutory definition of the term "otherwise interested in the management or operation of any State or national bank or savings and loan association." Clearly, it encompasses persons other than officers and directors since it is axiomatic that every part of a statute should be given effect. See Gerst v. Oak Cliff Savings and Loan Association, 432 S.W. 2d 702 (Tex. Sup. 1968); Independent Life Ins. Co. of America v. Work, 77 S.W. 2d 1036 (Tex. Sup. 1934).

The statutory requirement that State Banking Board members file a list of bank stocks they own, implies that there is no absolute bar to bank stock ownership by Board members; however, the caption to the 1971 amendment to the Banking Code indicates that one of the purposes of the statute was "to prohibit ownership of certain stock and disclosure thereof." The only language in the 1971 amendment which could be construed to include the prohibition of the "ownership of certain stock" is the requirement that "no member of the Board shall be an officer, director or otherwise interested in the management or operation of any . . . bank . . . . " Since the caption of the bill discusses its prohibitions in terms of stock ownership, we believe those persons who own a substantial amount of stock would be among those "otherwise interested in the management or operation of a bank."

There is no clear indication of the quantity of stock which would cause disqualification, but since bank directors are prohibited from serving on the Board, we believe a person who has a financial interest in the operation or management of the bank which is similar to the interest of the director would be prohibited from serving. At the very minimum a person who owns enough stock to insure his election to the bank's board of directors would have a financial interest in the operation or management of the bank similar to the interest of a director. Whether a person who owned eighteen per cent of the stock in a bank would fall in that class would depend on the by-laws of the bank. Persons owning a lesser amount of stock also might be "otherwise interested in the management or operation of [a] bank," but whether that interest is present will depend on the facts of the case.

We do not suggest that these are the only persons who might be covered by the statutory prohibition. A bank's attorney might well fit in this category if his representation resulted in his being substantially involved in the operation or management of the bank. Furthermore his being compensated to represent a bank might be inconsistent with his statutory duty to "represent the interests of the general public." In determining the extent of involvement required to constitute a person's being "otherwise interested in the management or operation of any . . . bank . . . ." or being unable to fulfill the statutory duty to represent the interests of the general public, we are required to be guided by the legislative declaration of State policy in article 6252-9b. That article provides in part:

> Section 1. It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest.
>
> . . .
>
> Section 2.
>
> . . .
>
> (5) . . .
>
> (C) In defining the term 'major state agency,' [which includes the State Banking Board] it is the intent of the legislature to limit the application of the financial disclosure requirements of this Act with respect to appointed state officers to those appointees who exercise substantial power and discretion in the implementation of state programs and in the expenditure of significant amounts of public funds. The legislature hereby finds that the exercise of discretion by these appointed state officers in the granting or withholding of licenses or permits, issuance of regulations, rulings, or orders,

construction and location of facilities, and in other
matters relating to regulation, adjudication, licensing,
or expenditure of public funds, has a major impact
on every citizen of this state.  Therefore, the legis-
lature finds that the potential for abuse of the public
trust by these appointed state officers is significantly
greater than in the case of appointed officers of other
state agencies.

See also Code of Professional Responsibility, DR 9-101, EC 9-3 (V. T. C.S.,
title 14, App., art. 12, §8); Texas Penal Code, §36.08 (a)and (e).

These determinations necessarily involve the resolution of questions of
fact which are not before us; however, we believe the Governor and the
Senate should be able to utilize these guidelines to determine whether any
particular person qualifies under the language of the statute.

## S U M M A R Y

A person who owns an amount of stock sufficient
to insure his election to the board of directors of a
bank is not eligible to serve as a member of the State
Banking Board.  Persons owning lesser amounts of
stock may also be disqualified.  Whether an attorney's
representation of a bank substantially involves him in
the  management or operation of a bank or prevents
his representing the interest of the general public so
as to disqualify him from membership on the State
Banking Board involves a resolution of questions of
fact.  Any determination should be made in the light
of the legislative declaration of state policy in
article 6252-9b, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

H-510 page 5

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee