## TUNSTILL et al. v. SCOTT.

### No. 14634.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 8, 1944.

Rehearing Denied Oct. 13, 1944.

See also, Tex.Civ.App., 164 S.W.2d 554.

H. S. Lattimore, of Fort Worth, for appellants.

Clark, Craik, Burns & Weddell, of Fort Worth, for appellee.

BROWN, Justice.

We are confronted with a motion to dismiss this appeal because of the lateness with which the record was filed.

Judgment was rendered in the trial court on January 10th, 1944.

Under the rules obtaining in the County of Tarrant, where there are four District Courts having jurisdiction over civil cases, the motion for a new trial should be filed within ten (10) days after judgment is rendered. The original motion was filed on January 14, 1944, and the defendants

attempted to amend such original motion by filing the amended motion on February 14, 1944.

Rule 330, subdivision k, Texas Rules of Civil Procedure, specifically provides that the motion for a new trial, where it is required, and in such a case as the one at bar, wherein judgment was rendered on a jury verdict, must be filed within ten (10) days after judgment is rendered, and further specifically requires that such original motion may be amended by leave of the court at any time before the original motion is acted upon by the trial court provided the amended motion is filed within twenty (20) days after the filing of the original motion.

Thus it is seen that the amended motion should have been filed not later than February 3rd, 1944, in order to comply with the Rule. In the instant suit, the amended motion was filed on the thirty-first (31st) day after the original motion was filed, and even if the trial court had had the discretion to permit its filing within the thirty day period after the judgment had been rendered, it is obvious that the amended motion came too late. But the trial court made no effort to act upon either the original or the amended motion until February 26, 1944, when the following order was made:

"On this February 26th, 1944, came on to be heard the defendant's motions for a new trial and it appears to the court that judgment was rendered against defendants in this court on January 10th, 1944, and that the defendants duly and regularly filed their motions for a new trial and that thereafter in due and proper time, the said defendants filed their amended motions for a new trial and that the said motions were seasonably presented to this court and decision thereon taken under advisement, and the court, after carefully considering same, is of the opinion that each should be overruled.

"It is therefore ordered:

"That the motions for a new trial of the defendants, W. A. Tunstill, Eula Tunstill and G. G. Tunstill be, and the same are hereby overruled, to which the said defendants except and give notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas."

Subdivision j of said Rule 330 specifically provides that all motions and amended motions for new trials must be presented within thirty (30) days after the original or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties, the decision is postponed to a later date.

There is no agreement in this record touching such matters.

Judge Smedley speaking for the Commission of Appeals in an opinion adopted by the Supreme Court, in the case of Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge et al., 124 Tex. 315, 77 S.W.2d 1031, went thoroughly into every phase of the subject before us, and what is said there is the settled law in Texas.

The amended motion before us is a nullity, and the order of the trial court attempting to act or pass upon the amended motion is likewise a nullity, and can form no basis for an appeal. See also Millers Mutual Fire Ins. Co. of Texas v. Wilkirson et al., 124 Tex. 312, 77 S.W.2d 1035, and Independent Life Ins. Co. of America v. Work, District Judge, et al., 124 Tex. 281, 77 S.W.2d 1036.

The amended motion being a nullity, we would not hold that the filing of such abortive motion is in itself an abandonment of the original motion which last named motion was timely filed, but we do believe that the record is such that it shows on its face that the appellants in fact abandoned their original motion for a new trial.

But be that as it may, under the decisions, of our Supreme Court, it is apparent that if the original motion was not in fact abandoned, it was not presented to the trial court within thirty (30) days after it was filed, and it was overruled by operation of law on such thirtieth (30th) day, that is, on February 13th, 1944, and under Rule 386 it was necessary for the appellant to file his transcript in the Court of Civil Appeals within sixty (60) days after February 13th, 1944. The transcript was tendered to the Clerk of the Court of Civil Appeals on April 15, 1944, which was sixty-two (62) days after the original motion was overruled by operation of law.

There was no motion made to extend the time for filing the transcript.

The motion to dismiss the appeal is well taken, and the appeal is hereby dismissed.

This brings us to appellee's motion to affirm on certificate.

Under such rulings as found in Moeller et ux. v. Travelers Ins. Co., Tex. Civ.App., 142 S.W.2d 613, opinion by Mr. Chief Justice Alexander; Beaver v. Beaver, Tex.Civ.App., 57 S.W.2d 279; Texas State Life Ins. Co. v. Adams Funeral Home, Inc., Tex.Civ.App., 129 S.W.2d 322, and Texas State Life Ins. Co. v. Robinson, Tex.Civ.App., 128 S.W. 2d 839, Mr. Justice Speer speaking for this Court, we sustain the motion and the judgment is affirmed as against appellants and the sureties on their appeal bond, said bond having been filed within the proper time.

Appeal dismissed and the judgment of the trial court is affirmed on certificate.

McDONALD, C. J., not sitting.

On Motions for Rehearing.

BROWN, Justice.

Appellants W. A. Tunstill and Granville Tunstill have filed identical motions for a rehearing in this cause, and we deem it necessary to go at length into the record in order to make plain appellants' contentions under the record, as it appears before us, and in order to show the facts that are found on the face of the record.

Appellants' motions, after urging that the Court of Civil Appeals erred in sustaining appellee's motion to affirm on certificate, and erred in dismissing the appeal, then urge:

(III) "This court erred in dismissing the appeal of this appellant and in holding in connection therewith that the order of the 48th District Court in said cause overruling the motion for a new trial was an unqualified falsehood."

(IV) "This court erred in dismissing the appeal of this appellant and in holding in connection therewith that appellant had abandoned in the trial court, his original motion for a new trial."

(V) "This court erred in dismissing the appeal of this appellant and in holding in connection therewith that the original motion for a new trial was not presented to the trial judge within thirty days after its filing."

(VI) "This Court of Civil Appeals erred in dismissing this appellant's appeal and in holding in connection therewith, that the original motion for a new trial of this appellant in the trial court was overruled on the thirtieth day after its filing."

(VII) "This Court of Civil Appeals erred in holding that the order of the judge of the 48th District Court was false which certified and found that this appellant's motion for a new trial was seasonably presented and taken under advisement."

(VIII) "This Court of Civil Appeals erred in holding that the order overruling appellant's original motion for a new trial was ineffectual because entered on February 26, 1944, which order was granted and entered less than forty-five days from the filing of the original motion for a new trial and which order certified that appellant's motion for a new trial was seasonably presented and taken under advisement."

As stated in our original opinion, judgment was rendered on January 10, 1944, and the original motion for a new trial was filed on January 14, 1944.

The original motion is as follows:

"I. The verdict is contrary to the law and the evidence.

"II. The judgment of the court is contrary to the law and the evidence.

"III. The court erred in overruling the defendants' exceptions to the charge.

"IV. The court erred in overruling the defendants' motion for an instructed verdict.

"V. The court erred in overruling defendants' motion to set aside the verdict.

"VI. The court erred in failing to make findings of fact in connection with the judgment rendered.

"VII. The evidence is insufficient to support the verdict or the judgment.

"Wherefore each of the defendants pray the court to grant a new trial."

The motion is signed by counsel as "Attorney for the Defendants."

There is no other original motion for a new trial in the record before us and no one has attempted to bring any other such motion up to us and the very wording of the motion discloses on its face that it was the only motion for a new trial filed in the case by any of the three defendants, and it affirmatively appears on the

face of the motion that it was filed as the original motion for a new trial for and in behalf of "each" and all of the defendants.

The record discloses that on February 14, 1944, an amended motion for a new trial was filed, and it begins with the following words: "Herein come the defendants in this amended motion for a new trial and each separately make the following grounds for such motion."

This amended motion closes with this prayer: "Wherefore, your defendants, W. A. Tunstill, Mrs. Eula Tunstill and G. G. Tunstill, separately, urge each of the above grounds for a new trial, etc.," and it is signed by counsel who filed the original motion.

It becomes necessary, in the light of appellants' contentions in the motions for a rehearing, to quote again the actual order of the trial court on which appellants stand and to analyze the contentions in order that the original opinion in this case may be made perfectly clear to all who read it.

The order is:

"On this February 26th, 1944, came on to be heard the defendants' motions for a new trial, and it appears to the court that judgment was rendered against defendants in this court on January 10, 1944, and that the defendants duly and regularly filed their motions for a new trial and that thereafter in due and proper time, the said defendants filed their amended motions for a new trial and that the said motions were seasonably presented to this court and decision thereon taken under advisement, and the court, after carefully considering same, is of the opinion that each should be overruled.

"It is therefore ordered that the motions for a new trial of the defendants, W. A. Tunstill, Eula Tunstill and G. G. Tunstill be, and the same are hereby overruled, to which the said defendants except and give notice of appeal," etc.

We do not know who prepared this order, but it is the only order we find in the record; and we likewise find no amended motion for a new trial other than the one mentioned above, and it affirmatively appears on the face of such amended motion that it is the only amended motion filed and that same was filed for and in behalf of all of the defendants.

The original opinion in this suit discloses that we made no effort to "hold that the order of the 48th District Court in said cause overruling the motion for a new trial was an unqualified falsehood."

The Chief Justice of this court, having been of counsel in this cause, recused himself and took no part in our deliberations, and the two remaining judges from experience know that more frequently than otherwise counsel who is interested in the action of the trial court prepares the orders on motions, etc., and that when presented to the trial court, if the order appears to be couched in the usual and customary language, it is simply signed by the trial court without any further ado and it is given to the clerk to be incorporated in the minutes.

We are of opinion that no reasonable construction can be given this order of the trial court than that given by us. The order shows on its face that the defendants either filed a joint or separate original motion for a new trial. The record discloses that only one original motion for a new trial was ever filed and that it was filed for and on behalf of all of the defendants.

The motions of appellee to dismiss the appeal and to affirm on certificate were filed in this court June 5, 1944, before this cause was submitted, and if there are any other motions not appearing in the record that should be before us and if any order of the trial court should be amended, or any part of the record should be amended, appellants have had ample time in which to do these things.

This order specifically states that having "duly and regularly filed their motions for a new trial," the defendants "thereafter in due and proper time * * * filed their amended motions for a new trial and that the said motions were seasonably presented to this court."

The pronouncement in the court's order that the original motions for a new trial were "duly and regularly filed" is borne out by the record before us in that the filing was done four days after the judgment was rendered; but it is to be noted that the order reciting that the amended motions were "thereafter in due and proper time filed," is not borne out by the record before us. The clerk's file mark discloses that the amended motion was filed February 14, 1944, which was

thirty-one days after the original motion was filed. Appellants do not dispute the record and make no effort to show that these dates or any of them are wrong and that the filing notations are erroneous. The fact that the order of the trial court recites that the amended motions were filed "in due and proper time" can add no validity to the record as made nor can it give life to an amended motion for a new trial when the record discloses without dispute that the amended motion was not filed within the time specifically required by the rules.

The court's order, on which appellants rely, recites that the defendants "filed their amended motions for a new trial and that the said motions were seasonably presented to this court."

This language can mean and evidently was intended to mean that the amended motions were seasonably presented to the trial court. If the amended motions had been filed in due season, their presentation between the date of filing, to-wit, February 14, 1944 and February 26, 1944 (the date of the trial court's order overruling them) would have been a "seasonable presentation."

■ Appellants contend that they presented their original motions for a new trial in due time and that the trial court acted upon same and that the order of the court discloses these facts.

If appellants actually presented their original motions for a new trial to the trial court and actually rely upon such motions then we see no reason for the order of the trial court reciting at length that defendants filed amended motions and that such amended motions were seasonably presented and overruled.

If appellants discovered, before the order overruling their amended motions was made, that the amended motions were never filed within due season and were, under the decision of our Supreme Court, nullities, we see no reason why the order overruling the motions should not have been so worded as to disclose that the amended motions were not relied upon and that defendants relied upon their original motions. Why permit the order to affirmatively show that the amended motions were presented and overruled and exception taken to such action?

As further evidence of the fact that appellants have relied upon their amended motions they repeatedly, in their brief, refer to the amended motion by paragraph and page in the Transcript to support the "points" presented for review. If appellants relied upon their original motion for a new trial as the basis of their appeals, we are unable to understand why this was not made apparent in appellants' brief and why the points in such original motion were not shown by the brief to be the only points relied upon. As further evidence in support of our conclusions that appellants have not relied upon their original motion for a new trial one has but to examine such motion and its seven paragraphs and it is seen that only two paragraphs constitute assignments of error that could be considered by an appellate court, viz.: No. 4, which assigns as error the overruling of defendants' motion for an instructed verdict, and No. 6, the failure of the trial court to make findings of fact in connection with the judgment rendered.

All other paragraphs in the motion have many times been condemned by appellate courts in Texas as not being sufficient as assignments of error.

Appellants' argument in connection with the motion for a rehearing recites: "There is not one word or statement from anybody that this appellant did not present his original motion for a new trial. There is not one word or statement from anybody, in this record, that Judge Young did not take it under advisement. I say (urges appellants' counsel), and I vouch for it, that I did, in person, present that motion to Judge Young for action by him and that he did take it under advisement. Judge Young, who was present at the time, officially certified that I did present the motion in proper time and that he did take it under advisement. The writer of the opinion of the Court of Civil Appeals, who was not there and doesn't know anything about what occurred, writes a finding that such did not occur. There is no evidence to sustain such finding."

May we say with equal certainty that there is no proof that defendants' original motion was ever presented to the trial court and acted upon except the argument of counsel, and one must make a strained construction of the order of the trial court to find even a suggestion that the original motion was ever presented and acted upon—a construction that is wholly unsupported by the facts of the record and the actions of the defendants.

This court has made it a rule, where it is consistent with the Rules of Practice and Procedure, to give every litigant an opportunity to be heard upon the merits of his case, and we are reluctant to deny any litigant such right unless the record compels us to do so.

In the case at bar it is evident to us that appellants did not present the Transcript in this court within the time required by the Rules and there is left no alternative to this court except to dismiss the appeal.·

There being no merit in the motions for a rehearing, they are overruled.

McDONALD, C. J., not sitting.