## BLACK et al. v. CABOT CARBON CO.
### No. 4904.

Court of Civil Appeals of Texas. El Paso.
Dec. 10, 1952.

Rehearing Denied Jan. 14, 1953.

Jim Langdon, Stephen F. Preslar, Mc-Camey, Henry Russell, Pecos, for appellants.

Perkins, German, Mims & Bell, W. P. Z. German, Jr., and William H. Crenshaw, Midland, Homer D. Johnson, Pampa, for appellee.

McGILL, Justice.

On July 12, 1952, appellee filed in this court a motion for affirmance on certificate and stated as grounds therefor that under Rule 330 T. R. C. P. the motion for new trial presented by appellants, being their second amended motion, having been filed on March 11, 1952, was overruled by operation of law under paragraph J of Rule 330, and therefore since the transcript was not filed in this court until July 27, 1952, it was filed too late, the order of the court dated March 15, 1952, purporting to overrule the defendant's amended motion for new trial was ineffective and void, and that the period in which to file the transcript began to run 45 days after the second amended motion of March 11th was filed. We passed this motion to be acted on when the case was considered.

After full consideration we have decided that the motion should be granted. The only motion for new trial appearing in the transcript is the defendant's second amended motion, which bears the notation that it was filed March 11th. Furthermore, the defendant in his brief bases his points of error on the grounds stated in this second amended motion and also assigns fundamental error. In his motion to postpone submission of appellee's motion for affirmance on certificate, which appellant filed in this court on July 21, 1952, he states that appellee's motion for affirmance is based on imperfection in the record, that at page 43 of the transcript appears a notation of the clerk that defendant's second amended motion for new trial was filed on March 11, 1952, that in truth and in fact there was a subsequent amendment on which the hearing was had and determined which said amendment was made on March 15, 1952; that the fact of the amendment of March 15 is not noted in the record, but it is recited in the judgment overruling the motion for new trial which appears on page 44 of the transcript. Appellant further states that this deficiency of the transcript can be corrected within a reasonable time by the filing in this court of a supplemental transcript. A supplemental transcript, on motion of appellee, was filed in this court on August 30, 1952, but it contains only a record of the proceedings had on the hearing for temporary injunction. There is nothing in the supplemental transcript that corrects the deficiency in the record referred to. Appellant has filed no supplemental transcript. Therefore, we have only the second amended motion which the appellant concedes was filed on March 11, 1952, and since the transcript was not filed in this court until July 27, 1952, it was filed too late, and in conformity with the procedure followed in Tunstill v. Scott, Tex.Civ. App., 182 S.W.2d 734 (wr. ref.), appellee's motion to affirm on certificate is granted, the appeal is dismissed, and the judgment of the trial court is affirmed.

On Appellants' Motion for Rehearing.

Appellant calls to our attention that our statement from the record was in error, and it is hereby corrected in the following respects:

The transcript was filed in this court on June 27, 1952. The order of the court purporting to overrule the defendants' amended motion for new trial recites that the defendants' amended motion for new trial came on to be heard on the 15th day of March, A. D. 1952, and it is accordingly on the 28th day of April, 1952, overruled.

With these corrections appellants' motion for rehearing is overruled.